Kimbro & Morgan *vs.* The Virginia, etc., Railway Company.

the wife and children of McWhorter, the tenant for life, being joined with him as co-defendants. The court below made no ruling on that question, but we were requested in the argument to express our opinion upon it. As the cause will proceed to subject the income alone, McWhorter will be the only proper defendant, his wife and children not being interested in the income, simply in a contingent remainder in the *corpus.*

Judgment reversed.

---

Kimbro & Morgan, plaintiffs in error, *vs.* The Virginia and Tennessee Air-Line Railway Company, defendant in error.

1. An order of the court in these words: "Upon motion of defendant's counsel, ordered that this cause be dismissed upon the ground that the allegations in the petition do not make a case upon which plaintiffs can recover," is a judgment of the court upon demurrer to the declaration, and operates as a complete bar to a second suit for the same cause of action, and may be pleaded as "*res adjudicata*" thereto.

2. If it did, the plea of "*res adjudicata*" would bar the second action and any legitimate amendment thereto; and if the amendment set out a new and distinct cause of action, it would not be received and allowed as an amendment, but if it could be so allowed, the statute of limitations would run against it from the breach of the contract to the date of the amendment.

3. Such judgment on demurrer and dismissal of plaintiffs' action consequent thereon, is not included in section 2932 of the Code, so as to authorize the plaintiff to renew his action within six months, and to make the renewed case stand upon the same footing as to limitations with the original case.

Judgments. Demurrer. Practice in the Superior Court. Pleadings. Amendment. Statute of limitations. Before Judge Buchanan. Troup Superior Court. November Term, 1875.

Reported in the opinion.

Bigham & Whitaker; Speer & Speer, for plaintiffs in in error.

A. W. HAMMOND & SON, by JOHN L. HOPKINS; B. C. FERRELL, for defendant.

JACKSON, Judge.

At the November term, 1867, of the superior court for the county of Troup, the plaintiffs sued the defendant, as a common-carrier, for the violation of a contract to deliver a large stock of goods at LaGrange, Georgia, from Philadelphia, where they were bought. The suit was begun by attachment, and a declaration in assumpsit was filed thereon under our statute. At the November term, 1869, the case came on for trial. It appears that some evidence was introduced by the plaintiffs, but the case went off on demurrer to the declaration, as appears from the following order passed by the court: "Upon motion of defendant's counsel ordered that this cause be dismissed upon the ground that the allegations in the petition do not make a case upon which plaintiffs can recover."

The case was brought to the supreme court and dismissed on the ground that the record and bill of exceptions were not transmitted to this court, and the judgment of the court below was affirmed. This judgment was entered on the minutes of the court below at November term, 1870. On the 5th of July, 1870, another attachment was sued out, on which another declaration, just like the first, was filed. This declaration was amended at the November term, 1872.

Defendant pleaded *res adjudicata* as to the declaration filed in 1870, and the statute of limitations as to the amended declaration. Plaintiffs introduced in evidence the bill of exceptions in the former case, wherein this judgment of dismissal is set out, and Kimbro, as a witness to the contract, its breach and the damages thereon. The defendant introduced no evidence.

The court charged the jury that the case had been adjudicated, as appears from the bill of exceptions, and also that if the amended declaration was filed four years after the cause of action accrued, then that the plaintiffs could not recover. The

Kimbro & Morgan *vs.* The Virginia, etc., Railway Company.

jury found for the defendant; the plaintiffs moved for a new trial on the ground that the charge of the court was erroneous and the verdict against the law and the testimony; the court refused to grant the new trial, and this is the error assigned.

1. The judgment of a court upon demurrer to the declaration is a final disposition of the case. The demurrer admits all the allegations in the declaration to be true. The plaintiff can prove only the allegations which he sets out in his declaration. The demurrer, therefore, admits the whole case of the plaintiff, and makes the issue in law upon the case that, admitting it all to be just as he says, the law will not allow him to recover. A judgment rendered thereon by the court is just as conclusive as a judgment rendered by the same court on facts found by the verdict of a jury. In the one case the jury finds the facts to be true; in the other, the defendant admits them to be true; in either case the judgment of the court is the sentence of the law upon the facts. Was this order a judgment of the court upon the allegations made in plaintiffs' declaration? It affirms that it was. It is, therefore, a judgment rendered on all the admitted facts, and concludes the plaintiffs' case. We think, therefore, the charge right, if this case be the same as that which went off on demurrer in the former suit. The cases seem to be identical and *res adjudicata* was well pleaded.

2. In respect to the charge on the statute of limitations, we think the court also right. If the amendment made a new cause of action and could have been engrafted on the original declaration at all, the statute of limitations ran from the time that the cause of action accrued up to the time that the amendment was filed. If it was not a new cause of action we do not see how it could vary the substance of the original declaration so as to prevent the judgment rendered on that declaration from making a case of *res adjudicata*, and thus concluding the plaintiffs. In any event, we think the case with the defendant, the charge of the court right and the verdict in accordance with the law and the testimony.

3. Nor do we think that section 2932 of the Code, which declares that "If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case ; but this privilege of dismissal and renewal shall be exercised only once under this clause," is applicable to a case dismissed by the court on solemn judgment on demurrer. The words "but this privilege of dismissal," and the words "dismiss his case," evidently mean where the party plaintiff himself exercises the privilege of dismissing his case, and not where the court dismisses it on demurrer. In so far as the Code conflicts with the act of 1847, that act is repealed. It is scarcely necessary, however, to decide this point, as the case is controlled by the other points hereinbefore adjudicated.

Let the judgment be affirmed.