## PAPWORTH *et al. v.* CITY OF FITZGERALD.

1. If in rendering its judgment upon a demurrer to a petition the court does not decide upon the merits of the case, a judgment sustaining the demurrer and dismissing the action is not a bar to another proceeding for the same cause.

2. A petition for certiorari in which there is no attempt to assign error upon the judgment sought to be reviewed, except to allege that the "petitioners objected to the judgment of said court, still object, and say the same was error and as such assign it," does not comply with the statute prescribing that a plaintiff in certiorari "shall plainly and distinctly set forth the errors complained of."

3. There was in the present case no error in refusing to sanction the petition for certiorari.

Submitted May 22, — Decided June 6, 1900.

Petition for certiorari. Before Judge Smith. Irwin county. October 14, 1899.

*E. H. Williams,* for plaintiffs in error. *E. W. Ryman,* contra.

LEWIS, J. Proceedings were instituted in the mayor's court of the City of Fitzgerald, against Papworth as principal, and certain others as securities, for the purpose of forfeiting a forthcoming bond given by him and his securities for his appearance before that court. On the trial of the case a judgment absolute was rendered by the court in favor of the city against Papworth and his securities, who, being dissatisfied with the judgment, filed a petition for certiorari to the superior court of Irwin county, for the purpose of reviewing the same. This petition for certiorari the judge refused to sanction, to which ruling plaintiffs in error except.

1. It appears from the petition that a proceeding was instituted by the City of Fitzgerald against these plaintiffs in error, in the county court of Irwin county, on this same bond. To that suit a demurrer was filed, one ground of which was, "that plaintiff's petition shows on its face that the bond herein sued on was, before the commencement of said suit, forfeited in the mayor's court of the City of Fitzgerald, and that this court is without jurisdiction in the premises, jurisdiction having been previously acquired by said mayor's court." The county judge rendered the following judgment on this demurrer: "On hearing, the within demurrer is sustained for the reason set forth

in paragraph two (2) of the within demurrer, to wit: The court has no jurisdiction, jurisdiction having been first acquired by the mayor's court, as alleged in said paragraph." In answer to the proceeding in the mayor's court, plaintiffs in error pleaded, among other things, this proceeding which was had in the county court, and the judgment of the county judge rendered thereon sustaining the demurrer, as res adjudicata, claiming that the rights of the parties in regard to the alleged breach of the bond had, by the judgment of the county judge, been settled and determined. Civil Code, § 3744, declares: "If upon demurrer the court has decided upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." § 5095 declares: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, will not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case must have been adjudicated." It will be seen that the judgment of the county judge was in no sense upon the merits of the case. The plaintiffs in error themselves invoked that ruling, that the county court had no jurisdiction over the case, for the reason that proceedings had previously been instituted in the mayor's court for the purpose of forfeiting the bond; and for that special cause the court dismissed the action. The judgment, of course, is conclusive between the parties only as to the particular matter decided by the judge, and that decision being invoked by plaintiffs in error, they are estopped from denying the legality thereof. The only thing decided by the county judge had no reference to the merits of the case, but simply ruled his court had no jurisdiction to try the same. See *Stevens* v. *Stembridge*, 104 *Ga.* 622.

2. The petition for certiorari, after reciting certain facts that occurred upon the trial, without specifically alleging any other error committed by the court, stated, "After argument duly had the court proceeded to give judgment against your petitioners, in favor of said City of Fitzgerald, in the sum of $500.00, and the costs of said proceeding." The only error assigned on that judgment in the petition was, that "Petitioners objected to the judgment of said court, still object, and say the same was

error, and as such assign it." The bill of exceptions simply recites that on the trial of the case judgment absolute was rendered in favor of the city against plaintiffs in error, and that being dissatisfied therewith they petition the superior court for certiorari, and complain of the judgment of the court refusing to sanction their petition. The petition for certiorari makes no attempt whatever to assign error upon the judgment sought to be reviewed. It does not even charge that it was contrary to law, or evidence, or in what particular it is defective, or for what reason it should be set aside. Civil Code, § 4637, declares, that when a party applies to obtain a writ of certiorari by petition to the superior court, he shall plainly and distinctly set forth the errors complained of. It is true that the bill of exceptions in this case, which complains of the judgment refusing to sanction the certiorari, would be sufficient in itself, had the petition for certiorari plainly and distinctly set forth the errors complained of. It was accordingly held in *Phœnix Ins. Co.* v. *Gray*, 107 *Ga.* 110 : "A bill of exceptions which complains of the overruling of a certiorari, sued out to review in a superior court a judgment of a city court denying a motion for a new trial, is, as to the matter of assigning error, sufficiently clear and explicit when it alleges that the superior court erred in overruling the certiorari, it appearing that a copy of the motion for a new trial was attached to the petition for certiorari, and that in this petition exception was taken to the action of the city court in refusing to grant the motion." In the present case there being no specific assignment of error whatever, either in the petition for certiorari or in the bill of exceptions, upon the particular judgment of the court complained of, the principle decided in the case above cited has no application whatever. In the case of *Kimball* v. *Williams*, 108 *Ga.* 812, it was decided that the bill of exceptions made no lawful assignment of error, the only attempt to do so being as follows: "To which ruling and judgment the said defendant excepted, and now assigns the same as error"; that the language used was entirely too general, and did not properly present any question for determination by this court; and that the statutory requirement that alleged errors shall be plainly and distinctly pointed out is imperative, and applies to all cases. See also *Wheeler* v. *Worley*, 110 *Ga.* (decided April 9, 1900).

3. It follows from the above that the court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. All concurring, except Fish, J., absent.*