## GREENE *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. A judgment sustaining a general demurrer to a petition brought to recover damages for the negligent destruction of property will bar a second suit by the same plaintiff against the same defendant for the same alleged cause of action, though the grounds of negligence upon which the second petition is based may be different from those embraced in the first.
2. Even if the court erroneously refused to give the plaintiff the right to open and conclude the argument, as the result reached by the judge presiding without a jury was the only legal conclusion that could possibly have been reached, the error would not require a reversal of the judgment.

Argued February 6, — Decided February 28, 1901.

Action for damages. Before Judge Nottingham. City court of Macon. June 19, 1900.

*M. G. Bayne,* for plaintiff.
*Hall & Wimberly* and *R. C. Jordan,* for defendant.

Cobb, J. In May, 1898, Greene brought suit against the Central of Georgia Railway Company for damages alleged to have been sustained on account of the killing, by a freight-train of the defendant, of a mule belonging to the plaintiff. Among the grounds of negligence set forth in the petition was an allegation that the defendant was negligent in operating its train on Sunday, in violation of

the provisions of section 420 of the Penal Code. The defendant filed a demurrer to the petition, setting up, among other things, that no cause of action was set forth; and that the allegations as to the operation of the train on Sunday did not show such negligence as would authorize the plaintiff to recover. The court passed an order sustaining the demurrer, it being recited in the order that "plaintiff having disavowed his purpose to rely upon any negligence other than the violation of the Sunday law by the illegal running of defendant's train on Sunday, and having stated that the theory upon which the declaration was drawn was solely based upon the contention that the running of the train in violation of said statute constitutes negligence, and that in his pleadings he intends to allege negligence only" as to this matter, the demurrer is sustained, and the case dismissed. No exception was taken to this order. In November, 1899, the plaintiff brought another petition against the same defendant on the same cause of action. This petition contained no allegation as to negligence in the operation of the train on Sunday, but the right to recover was based on the alleged negligence of the employees of the defendant in refusing and neglecting to stop the train, or to make any effort to do so, when they could have seen the mule on the track for a distance of 150 yards, and the train could easily have been stopped within that distance if it had been running at the rate of speed required by the rules of the company. It was further alleged that the plaintiff was without fault in the premises. To this petition the defendant filed a plea in bar, setting up the judgment on the demurrer in the former suit. The case was submitted to the court upon the facts above detailed; and an order was passed sustaining the plea and dismissing the case. To this order the plaintiff duly excepted.

1. Whatever may be the rule in other jurisdictions, we are satisfied that under the law of this State the plea in bar was properly sustained. It was ruled in *Gray* v. *Gray*, 34 *Ga.* 499, that "A decision upon the merits, upon a demurrer, may be pleaded in bar of another suit." So far as that decision is concerned, the ruling seems to go no further than that an adjudication that the plaintiff has no cause of action against the defendant will bar a second suit between the same parties for the same alleged cause of action. Section 3744 of the Civil Code provides: "If upon demurrer the court has decided upon the merits of the cause, the judgment may

be pleaded in bar of another suit for the same cause." This section appears to have been codified from the decision above referred to, and consequently it is to be construed in the light of that decision. But even if the plaintiff in the present case would not be barred from bringing the second suit under a proper construction of this section of the code, we are clear that he is concluded by subsequent decisions of this court. In *Kimbro* v. *Railway Co.*, 56 *Ga.* 185, it was ruled: "An order of the court in these words: 'Upon motion of defendant's counsel, ordered that this cause be dismissed upon the ground that the allegations in the petition do not make a case upon which plaintiffs can recover,' is a judgment of the court upon demurrer to the declaration, and operates as a complete bar to a second suit for the same cause of action, and may be pleaded as 'res adjudicata' thereto. If it did, the plea of 'res adjudicata' would bar the second action and any legitimate amendment thereto." While it appears in that case that the two declarations were identical, it also appears that the plaintiff offered an amendment to his second declaration. In respect of this amendment, it was ruled that if it made a new cause of action, it was barred by the statute of limitations; and if it did not, it could not "vary the substance of the original declaration so as to prevent the judgment rendered on that declaration from making a case of res adjudicata, and thus concluding the plaintiffs." The effect of the decision, therefore, is that a dismissal of a declaration on a general demurrer thereto will bar a second declaration for the same cause of action, though it contains additional allegations, if they could have, by way of amendment, been incorporated in the first. In *Perry* v. *McLendon*, 62 *Ga.* 598, a plea of res adjudicata was sustained to a petition for habeas corpus. In dealing with the effect of an adjudication adverse to the petitioners on a former writ, Mr. Chief Justice Bleckley said: "Further writs may be applied for and issued, but to each and all of them the one valid and subsisting judgment will be a conclusive answer, as to any and all objections to the legality of the restraint which were embraced in the first petition, or which could and should have been embraced in it. The effect of a judgment can not be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and

if it falls, set it up again in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon. Whoever brings the legality of an imprisonment into question by writ of habeas corpus, should, in the first instance, show as much cause for his attack as he can. He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war."

In *Smith* v. *Hornsby,* 70 *Ga.* 552, 557, the foregoing language of the Chief Justice was quoted approvingly. In that case it was ruled that the circumstance that "facts properly pleaded in the second suit were defectively stated in the former bill" would not prevent the application of the doctrine of res adjudicata, unless it appeared that the complainant "was ignorant of these facts when the case was formerly before the court, or that he was prevented from availing himself of them by accident, or mistake, or by the fraud or act of the adverse party." In *Greenfield* v. *Vason,* 74 *Ga.* 128, the decision in the *Kimbro* case, supra, was held to be binding upon the court. There are no decisions of this court which are in material conflict with those above cited. Among the more recent cases which deal with the question, see *Turner* v. *Oates,* 90 *Ga.* 731, 742; *Fain* v. *Hughes,* 108 *Ga.* 537; *Papworth* v. *Fitzgerald,* 111 *Ga.* 54. In the present case the second petition is between the same parties and based on the same alleged cause of action. It is true that the grounds of negligence relied on in the two petitions are different, but all the grounds of the second could been have incorporated in the first by way of amendment; and, according to the decisions above cited, the judgment on the demurrer was conclusive as to all such matters. On these decisions we rest our conclusion, though many authorities could be cited for as well as against it. See 1 Freeman, Judg. (4th ed.) § 267; 2 Black, Judg. § 708; Gould *v.* Railroad Co., 91 U. S. 534.

2. The bill of exceptions contains a further assignment of error upon the refusal of the judge to give the plaintiff the right to open and conclude the argument. As the undisputed facts demanded a finding in favor of the defendant's special plea of res adjudicata, we would not reverse the judgment, even if the ruling on the right to open and conclude the argument was erroneous. Whether

or not it was erroneous is not necessary to be determined. We would say, however, that where a case is submitted to a trial judge to decide the same without the intervention of a jury, the right to open and conclude the argument, even on disputed facts, is not nearly so important or valuable a right as where the case is before a jury; and this right becomes one of little or no importance or value where the facts are undisputed and the issue is one of law only.

*Judgment affirmed. All concurring, except Simmons, C. J., absent.*