1754.   WOLFE *v.* GEORGIA RAILWAY & ELECTRIC CO.

Where the court, on demurrer, holds that the transaction upon which a recovery is sought does not, as it is alleged in the petition, constitute a cause of action, and dismisses the suit on this ground, the judgment operates as a res adjudicata, and bars a subsequent suit between the parties on the same transaction, though in the first case the facts were untruly or improperly stated, and if they had been truly and properly stated, a cause of action would have been disclosed.

Action for damages, from city court of Atlanta—Judge Reid. January 25, 1909.

Argued May 5,—Decided July 6, 1909.

Wolfe brought an action in the city court of Atlanta against the street-railway company, the gist of his complaint being that while he was a passenger upon one of the cars of the defendant, a conductor insulted him by insinuating that he was a negro. Demurrers, both general and special, were filed. The trial court sustained the general demurrer, in the following language: "Whether the defendant is or is not correct on its special contention in reference to the general demurrer, I am of the opinion that the petition sets forth no cause of action; therefore, the de-

murrer is sustained and the case is dismissed." The plaintiff excepted and carried the case to the Supreme Court. See *Wolfe v. Ga. Ry. & El. Co.*, 124 *Ga.* 693 (53 S. E. 239). By reference to the opinion in that case it will be seen that the Supreme Court was of the opinion that the petition did not set out a cause of action, because it was nowhere alleged that the plaintiff was not a negro. In substance, therefore, the ruling of the Supreme Court was that to insinuate that a negro is a.negro is not to insult him; and that, construing the plaintiff's petition most strongly against him, his failure to allege to what race he belonged will be construed as an allegation that he belonged to the negro race. After the judgment of the Supreme Court had been made the judgment of the trial court and the action had been finally dismissed, the plaintiff sued again, alleging that he was a white man and that he had been insulted by being called a negro. The trial judge again sustained a demurrer to the petition. The plaintiff brought the case to this court, and the judgment was reversed. 2 *Ga. App.* 499 (58 S. E. 899). Of course, in that ruling the trial court and this court passed only upon the question presented by the demurrer, without reference to the proceedings which had been had in the former suit upon the same cause of action. The defendant filed a plea of res adjudicata, alleging that, by reason of the fact that a demurrer had.been sustained to the merits of the former suit brought upon the same cause of action, the plaintiff was barred from bringing this suit. The facts being admitted, the trial judge, to whom the matter was.referred by consent, sustained the plea of res adjudicata, and the plaintiff excepts.

*Dorsey, Brewster, Howell & Heyman,* for plaintiff.

*Rosser & Brandon, Colquitt & Conyers,* for defendant.

POWELL, J. (After stating the foregoing facts.)

The Civil Code, § 3744, declares, "If upon demurrer the court has decided upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause;" while § 5095 provides: "A .former recovery on grounds purely technical, and where the merits were not and could not have been in question, will not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case must have been adjudicated." Was the judgment upon the demurrer in the former case a ruling upon

the merits? "As a technical legal term, 'merits' has been defined as 'matter of substance in law, as distinguished from matter of form,' . . and as 'the real or substantial grounds of action or defense, in contradistinction to some technical or collateral matter raised in the course of the suit.' . . A judgment is 'upon the merits' when it amounts to a declaration of the law as to the respective rights and duties of the parties, based upon the ultimate fact or state of facts disclosed by the pleadings and evidence, and upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." Ordway *v.* Boston & Maine Railroad, 69 N. H. 429 (45 Atl. 243). See also the excellent collection of similar definitions of the word "merits," as contained in 5 Words & Phrases, 4493 et seq. The term "merits," as used in the code section quoted above, does not relate to the actual right which the plaintiff may have against the defendant, but relates to that right as he has stated it in his petition. The word "merits," as used in this code section, has reference, not to the actual state of affairs existing between the parties, but to the state of affairs as alleged to exist in the pleadings, whether alleged truly or untruly, with fairness or unfairness. A judgment on demurrer, which passes on the legal sufficiency of the facts stated by the plaintiff to hold the defendant to liability to him, is a judgment on the merits, although the plaintiff has stated the facts incorrectly or untruly, or has stated only a part of the facts when he might have stated more, and although, if the plaintiff had stated the facts fully, fairly, and truly, as they really existed, he might have set up a transaction showing liability against the defendant. A demurrer may be general in that it goes to the entire action as alleged, and yet may in no wise challenge the legal sufficiency of the alleged facts to establish a cause of action; and in such a case dismissal on demurrer on one of these grounds would not be a judgment on the merits. For example, if a demurrer is sustained to an entire petition, because it appears from the face of the petition that the court is without jurisdiction, the dismissal is not on the merits, and does not operate as a res adjudicata. *Papworth* v. *Fitzgerald*, 111 *Ga.* 54 (36 S. E. 311). Likewise, where the plaintiff has jointed an action ex delicto with an action ex contractu, or has sued in equity when he should have sued at law (*Steed* v. *Savage*, 115 *Ga.* 98 (3), 41 S. E. 272), or

has failed to join necessary parties, or has failed to comply with some of the other technical rules of pleading, a general demurrer, in the sense that it goes to the whole case and results in the dismissal of the entire action, may be sustained without creating a res adjudicata; but (if the petition is formally and technically perfect, or if all the derelictions are waived or put aside, and the court declares that the state of facts alleged does not give a cause of action, there has been a judgment on the merits, notwithstanding the fact that the plaintiff might have alleged something which he did not allege, which would have prevented any such conclusion from being reached by the court. In this case the plaintiff alleged a state of facts which, according to his present contention, did not truly state his cause of action as it was, and he left his allegations in such shape that, by reason of the ordinary rules of construing pleadings, it was held that he had in substance stated that he was a negro, when in truth and in reality he could have stated and should have stated that he was a white man. The judgment of the court was on the merits of his case as he had stated it; and that judgment is binding on him as a res adjudicata of the transaction. *Gray* v. *Gray,* 34 *Ga.* 499; *Smith* v. *Floyd County,* 85 *Ga.* 422 (11 S. E. 850); *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *Greene* v. *Central R. Co.,* 112 *Ga.* 859 (38 S. E. 360); *Satterfield* v. *Spier* 114 *Ga.* 132 (39 S. E. 930); *Kimbro* v. *Virginia Ry. Co.,* 56 *Ga.* 185; *Smith* v. *Hornsby,* 70 *Ga.* 522; *Perry* v. *McLendon,* 62 *Ga.* 598; *Jarrell* v. *American Machine Co.,* 2 *Ga. App.* 769 (59 S. E. 186).　　　*Judgment affirmed.*