## DODSON v. SOUTHERN RAILWAY COMPANY.

1. Where a case was dismissed upon general demurrer, and it appears that the declaration, while so defective as to be open to attack by general demurrer, could have been amended by averments of negligence showing a complete cause of action, the judgment of dismissal may be pleaded in bar of a subsequent suit brought for the same cause of action, although the latter states the cause more completely by adding averments of negligence which were wanting in the first suit.

2. The court did not err in construing an order dismissing the first suit, which recited that such former suit was dismissed "on general motion," as being a judgment sustaining a general demurrer to the declaration in the case dismissed.

FEBRUARY 15, 1912.

Action for damages. Before Judge Freeman. Douglas superior court. November 28, 1910.

*W. A. James,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

BECK, J. The plaintiff brought suit against the Southern Railway Company to the May term, 1905, of the superior court of Douglas county, complaining that through the negligence of its agents and employees in the running of a train the defendant had

inflicted certain injuries upon a mule described in the petition, to the injury and damage of petitioner, the owner of the mule. The defendant pleaded, among other matters, the defense of former adjudication of the cause, alleging that a former suit based upon the same cause of action had been dismissed upon a general demurrer. In support of the plea setting forth a former adjudication, counsel for the defendant introduced in evidence the record in the first suit, to the introduction of which counsel for the plaintiff objected on the ground that " in the plea it is set up that they filed a demurrer to this bill, and here they are offering a bill—a declaration—wherein the cause was dismissed on motion, simply a motion." After the introduction of evidence, the court directed a verdict for the defendant.

1. While the plea of res adjudicata in this case is inartificially drawn, and in some respects is open to attack by special demurrer, it is sufficient, in the absence of such special demurrer, to withstand the general oral objection made to the plea at the trial term. It appears from the plea, and from the record of the first case introduced to support the plea, that the plaintiff, at the May term, 1903, brought suit against the defendant in the present case, alleging that the defendant had injured and damaged him in the sum of $250, in that the employees of the defendant, by the running of a locomotive of the defendant and the train which it was pulling, had struck and seriously and permanently injured a certain mule and disabled the animal to such an extent as to render it practically worthless. In the second suit, to which the plea of res adjudicata was interposed, the damage complained of is for the same injury to the same animal referred to in the first suit. In the first suit the pleader failed to allege negligence upon the part of the defendant's employees who were running the locomotive and train. In the second suit negligence of the company was specifically alleged. It is insisted by counsel for plaintiff in error that no cause of action was set forth in the first suit, and that its dismissal upon general demurrer can not be pleaded in bar of the second suit. While the cause of action was so defectively set forth in the first suit as to be open to attack by general demurrer, it could have been amended by averring negligence upon the part of the defendant and showing wherein the negligence consisted, as was done in the

petition in the last case. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809). And that being true, a dismissal of the former suit upon general demurrer will bar a second suit based upon the same cause of action. In the case of *Greene* v. *Central of Georgia Ry. Co.*, 112 *Ga.* 859 (38 S. E. 360), in discussing the ruling in the case of *Kimbro* v. *Railway Co.*, 56 *Ga.* 185, the court said: "The effect of the decision, therefore, is that a dismissal of a declaration on a general demurrer thereto will bar a second declaration for the same cause of action, though it contains additional allegations, if they could have, by way of amendment, been incorporated in the first." And the court, after quoting from the decisions supporting that ruling, continued: "In the present case the second petition is between the same parties and based on the same alleged cause of action. It is true that the grounds of negligence relied on in the two petitions are different, but all the grounds of the second could have been incorporated in the first by way of amendment; and, according to the decisions above cited, the judgment on demurrer was conclusive as to all such matters. On these decisions we rest our conclusion, though many authorities could be cited for as well as against it. See 1 Freeman, Judg. (4th ed.) § 267; 2 Black, Judg. § 708; Gould v. Railroad Co., 91 U. S. 534 [23 L. ed. 416]."

2. It is further contended by counsel for the plaintiff that it does not appear that the record of the former suit, offered to support the plea of res adjudicata, shows that it was dismissed upon general demurrer. The order passed dismissing the former suit is in the following language: "On general motion to dismiss made, the case is hereby dismissed, with judgment for $11.00 as costs against Dodson, the plaintiff. March 24th, 1904." We are of the opinion that the court properly construed this as an order sustaining a general demurrer. A general motion to dismiss a cause may be made orally at the trial term, and is effective as a general demurrer, where a case is open to attack by general demurrer. On the trial of the present case the court stated to counsel for plaintiff that the terms of the order implied "that the cause was dismissed because there was no cause of action," and offered to allow plaintiff's counsel to show that the truth was otherwise; but this counsel did not attempt to do. The construction placed by the court below on the order was the proper one; and under the ruling made

in the first division of this opinion the court properly directed a verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*