12306, 12307.   HOFFMAN *v.* SUMMERFORD; and *vice versa.*

STEPHENS, J.  1. Where the issues presented by the pleadings in a pending suit could have been inquired into and adjudicated in a former suit between the same parties, based upon the same cause of action, either under the pleadings there existing or as the pleadings could and should have existed by germane and appropriate amendments made thereto, an adjudication of the former suit on its merits, either by demurrer to the petition or otherwise, is res judicata of all issues presented in the suit pending. Civil Code (1910), § 4338; *Perry* v. *McLendon*, 62 *Ga.* 598; 24 Am. & Eng. Ency. Law (2d. ed.), 714. See also *Draper* v. *Medlock*, 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 283, 2 Ann. Cas. 250).
2. " A judgment on demurrer, which passes on the legal sufficiency of the facts stated by the plaintiff to hold the defendant to liability to him, is a judgment on the merits, although the plaintiff  .  . has stated only a part of the facts when he might have stated more, and although, if the plaintiff had stated the facts fully, fairly, and truly, as they

really existed, he might have set up a transaction showing liability against the defendant." *Wolfe* v. *Georgia Ry. & Elec. Co.*, 6 *Ga. App.* 410, 412 (65 S. E. 62, 63).

3. Where, in a suit by an agent against the owner for a breach of a brok-.erage contract for the sale of real estate, the petition alleges a written contract between the parties, and, as a breach thereof entitling the plaintiff to recover, that the plaintiff procured, in pursuance of the contract, certain named parties, who were ready, willing, and able to buy upon the terms stipulated by the owner, and that the owner refused to accept such purchasers and failed to pay to the plaintiff the commission contracted for, an adjudication by the court, sustaining a general demurrer filed by the defendant to such petition upon the ground that the allegations therein failed to set out a cause of action against the defendant, is an adjudication upon the merits of the case, and adjudicates the plaintiff's right to recover for any breach of the contract, whether such breach is specifically pleaded in the petition, or could and should have been pleaded by germane and appropriate amendments thereto.

4. The court having adjudicated the merits of the former suit in passing upon the general demurrer, it is immaterial whether or not the adjudication of the special demurrers passed upon the merits of the questions raised in the petition.

5. "It is the judgment rendered by the court and its legal effect, and not the reasons and arguments in support thereof expressed by the court in his order or judgment, which constitutes the adjudication." *Matthews* v. *Green*, 28 *Ga. App.* 190 (110 S. E. 507).

6. In a subsequent suit by the same plaintiff against the same defendant for a breach of the same contract, although the contract is more elaborately set out than it was in the former petition, and although it is now alleged that the breach by the defendant consisted in his actual selling of the property to another person than the purchaser alleged in the petition as the one who was procured by the plaintiff under the terms of the contract, and that. the defendant refused to pay to the plaintiff the commission to which the plaintiff was entitled, a plea of res judicata, setting up the adjudication on the demurrer in the former case, was properly sustained. *Dodson* v. *So. Ry. Co.*, 137 *Ga.* 583 (78 S. E. 834) ; *Smith* v. *Smith*, 125 *Ga.* 83 (54 S. E. 73) ; *Kimbro* v. *Tenn. Air-Line Ry:*, 56 *Ga.* 185.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., concurs. Hill, J., absent on account of illness.*

DECIDED FEBRUARY 22, 1922.

Complaint; from city court of Americus — Judge Harper. February 21, 1921.

*W. T. Lane & Son,* for plaintiff.    *Hixon & Pace,* for defendant.