*J. A. Pope,* for plaintiff.　*M. C. Barwick,* for defendants.

---

REVELS v. KILGO.

HINES, J. On December 2, 1921, during the December term of Habersham superior court, Revels filed his petition and motion to set aside the verdict and decree previously rendered in a claim case in which he was plaintiff in fi. fa., one Hicks was defendant in fi. fa., and Kilgo was claimant. The rule nisi issued upon this motion was returnable to the March term, 1922, of that court. In his answer to this motion and rule nisi Kilgo pleaded that the movant had previously filed another motion upon substantially the same grounds to set aside said decree, that a demurrer thereto had been sustained, and that this judgment was a bar to the present motion. The demurrer of Kilgo to the first motion to set aside the verdict and decree in the claim case were on the grounds: (1) that it shows on its face that the relief sought should not be granted; (2) that it shows on its face that the judgment attacked is a valid judgment; (3) that it nowhere appears therein why said judgment should be set aside; (4) that the same was filed in vacation, and not during term time. The court rendered this judgment on the demurrer: "Considering the entire proceedings under the original

and amended demurrer, it is ordered and adjudged that the demurrer be sustained and the motion dismissed." The previous or first motion to set aside the verdict and judgment in the claim case shows on its face that it was filed in vacation, and the rule nisi was applied for and granted at chambers in vacation, and not in term time; but the rule nisi was returnable to the next term of the court, and the demurrer to the motion was heard in term time and the judgment overruling the demurrer was rendered in term time. On the hearing of the second motion to set aside the verdict and judgment in the claim case, the judge (by whom, by agreement of the parties, all questions of fact and law were to be heard and determined without the intervention of a jury) sustained the plea of res adjudicata filed by the claimant to the second motion of the plaintiff in fi. fa. to set aside the verdict and judgment in the claim. To this ruling the plaintiff in fi. fa. excepted upon the ground that the first motion to set aside this verdict and judgment was void because begun in vacation, and in consequence of this fact the judgment sustaining the demurrer to this motion was void, because the judge was without jurisdiction to grant the rule nisi in vacation, although the judgment sustaining the demurrer thereto was rendered in term time. *Held:*

(a) While this court has ruled that the judge of the superior court has no authority to entertain in vacation a motion to set aside a judgment of that court and is without jurisdiction to render judgment on such motion in vacation (*Haskins* v. *State*, 114 *Ga.* 837, 40 S. E. 997; *U. S. Fidelity & Guaranty Co.* v. *First National Bank*, 149 *Ga.* 132, 99 S. E. 529), and that an order or judgment so passed may be collaterally attacked (*Callaway* v. *Irvin*, 123 *Ga.* 344, 51 S. E. 477), and that such order or judgment will not operate as res adjudicata in a subsequent suit touching the same subject-matter in a court of competent jurisdiction (*Dix* v. *Dix*, 132 *Ga.* 630, 64 S. E. 790), the judgment attacked in this case was one passed in term time, and, although passed in a proceeding begun in vacation, was not null and void for lack of jurisdiction of the judge to pass the same. The hearing of the motion being had, and the judgment being rendered in term time, made the proceeding a matter in term; and if the original proceeding was a bastard in the law, it was duly adopted by the judge in term time, and its legitimacy was thus fully established.

(b) If in rendering its judgment upon a demurrer to a petition or motion the court does not decide upon the merits of the case, a judgment sustaining the demurrer and dismissing the action is not a bar to another proceeding for the same cause (*Papworth* v. *Fitzgerald*, 111 *Ga.* 54, 36 S. E. 311), yet if, in rendering the judgment on the demurrer to the previous motion to set aside the judgment in the claim case, the court decided the merits of the case by sustaining all the grounds of the demurrer to the motion, the judgment operated as res adjudicata to a second motion to set aside this judgment based upon the same grounds. *Kimbro* v. *Virginia &c. R. Co.*, 56 *Ga.* 185.

(c) The court did not err in sustaining the plea of res adjudicata to the second motion filed by the plaintiff in fi. fa. to set aside the judgment in the claim case, the grounds of the second motion being substantially the same as those of the first motion filed for the same purpose.

(*d*) The rulings above set out make it unnecessary to decide the other questions made in the record.

*Judgment affirmed. All the Justices concur.*

No. 3855. DECEMBER 11, 1923. REHEARING DENIED JANUARY 19, 25, 1924.

Motion to set aside judgment. Before Judge J. B. Jones. Habersham superior court. March 8, 1923.

*J. C. Edwards* and *H. E. Edwards,* for plaintiff.

*McMillan & Erwin,* for defendant.

### ON MOTION FOR REHEARING.

HINES, J. The motion for rehearing is based upon the ground that this court overlooked the recital, in the judgment of the court overruling the demurrer to the first motion to set aside the judgment in this case, that the hearing of said motion "came on to be heard in vacation at this time." This court did not overlook this fact. The first motion to set aside this judgment was presented to the judge in vacation. He passed an order calling upon the claimant to show cause at the next August term, 1921, of Habersham superior court, why the judgment in the claim case should not be set aside. Thus the rule nisi was made returnable in term time, and the hearing of the motion was thus set to be heard in term time. The proceeding was thus made a term proceeding. At the August term, 1921, the parties agreed that this motion could be heard in vacation. It can properly be presumed that all necessary and proper steps, including an order setting the hearing down in vacation, were taken at the August term of the court, on the principle that where a court of general jurisdiction has rendered a judgment, it is presumed, until the contrary is affirmatively shown, that the court had full jurisdiction in the premises and had before it all facts necessary to make the judgment valid and binding. *Langmade* v. *Hamilton,* 89 *Ga.* 441 (15 S. E. 535). If an order had been taken in term time, setting down the hearing of the demurrer to this motion in vacation, the judge would clearly have had jurisdiction to hear and dispose of the demurrer in vacation. Such an order would, in effect, have kept the term, relatively to that particular case, open until such demurrer should have been decided. *Herz* v. *Frank & Adler,* 104 *Ga.* 638 (30 S. E. 797). Now no such order taken in term time is necessary to give the judge jurisdiction to hear such motion or demurrer thereto in vacation. Civil Code (1910), § 4852. So when the parties to

this litigation agreed in term time to have the judge hear the demurrer to this motion in vacation, such agreement would have the same effect as an order taken in term time for such purpose; and the effect of such agreement would be to extend the term as to the hearing of the demurrer to this motion until the same was heard and determined. It follows that the judgment sustaining the demurrer to the petition was one in term time.

*Rehearing denied.*

RUSSELL, C. J. Without deciding whether there can be such a thing as a second motion for rehearing, I am of the opinion that beyond the merits of the present motion for rehearing there is no provision of law to grant an amendment to a motion for rehearing or to grant a second motion for rehearing upon the ground that something essential was omitted by counsel, through inadvertence or otherwise, in the presentation of the original motion for rehearing.