SMITH *v.* BIRD *et al.*

No. 12979.   OCTOBER 11, 1939.

*D. C. Jones* and *J. J. E. Anderson & Son,* for plaintiff.
*Fred T. Lanier,* for defendants.

REID, Chief Justice.   The plaintiff sought by petition in equity to cancel and set aside a judgment denying probate of a will in the court of ordinary.   Claim to relief was based upon allegations of fraud on the part of the defendants in procuring the judgment. The question to be determined by us in whether the plaintiff is barred from maintaining the action, by virtue of a former adjudication in litigation between the same parties over the same subject-matter.   In 1937 the plaintiff filed in the superior court her petition seeking the same relief as now sought, and basing her claim to it upon what counsel in the present proceeding concede were substantially the same allegations.   A general demurrer to that petition was overruled, and this court on review of that ruling reversed the judgment, holding in substance that since the attack on the judgment was in effect a claim that it was based upon perjured testimony, and since there was no allegation that the witnesses upon whose alleged perjured testimony it was obtained had been convicted, the petition was without merit.   *Bird* v. *Smith,* 186 *Ga.* 301 (197 S. E. 642).   After that decision a motion for rehearing was made by the losing party (the plaintiff in the present case), in which it was contended, among other things, that the plaintiff's case did not rest alone upon any claim of perjured testimony, but that it was based upon a general scheme of fraud, which the plaintiff claimed had been practiced upon the court of ordinary, and

that any testimony given before the court was all a part of a chain of events constituting the entire fraudulent scheme; that the defendants had withheld from the court certain evidence, and had generally conspired fraudulently to defeat or reduce the plaintiff's claim to a part of the estate of D. E. Bird; and that a cause of action was stated, irrespective of the allegations which were construed by this court to allege perjured testimony. Request was made, that, if this court should not so hold, direction be given which would permit the plaintiff to amend and amplify the allegations of fraud. A rehearing was denied by this court without any change in the opinion or judgment. Thereafter the plaintiff filed another suit, originally against only one of the defendants named in the first case, but the other two were subsequently made parties defendant, so that when the decision here complained of was made the litigation was being continued between the same parties. The defendants filed a general demurrer, and a special plea of res judicata. It was stipulated by counsel that the plea of res judicata should be "incorporated in the demurrer," which we construe to mean that in passing on the general demurrer the judge should consider such facts as if presented in the petition. The judge so treated it, and sustained the general demurrer on the ground that plaintiff was undertaking to assert the same cause of action as to which issue had been made in the previous proceeding. This ruling we now have for review.

If the merits of the case had previously been passed upon the plaintiff was barred under the well-established doctrine of res judicata. If, on the other hand, the previous litigation between the same parties reached its termination, not upon the merits, but upon some purely technical aspect of the case, such as dismissal upon procedural grounds, or upon other technical defects challenged by special demurrer, then the plaintiff would not be so barred, as will presently be shown. "If the judgment is general and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is upon the merits. . . A judgment is not on the merits if the case went off on any preliminary or subsidiary or technical plea or objection." 34 C. J. 776, § 1193. It is provided by the Code: "If upon demurrer the court shall decide upon the merits of the cause, the judgment may be pleaded in bar of another

suit for the same cause." § 110-504. See *Phillips* v. *State*, 34 *Ga.* 502. It is further provided: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." § 110-503. See *National Bank of Augusta* v. *Porcelain Mfg. Co.*, 59 *Ga.* 157, 165. These principles have had frequent application in our decisions; and any difficulty in the subject arises, not over the meaning or soundness of the principle, but rather as to its application in particular instances. A well-considered statement of the rule is found in *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260), where it was stated that the litigants in a subsequent proceeding "are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." The reasons for the rule were well presented in *Perry* v. *McLendon*, 62 *Ga.* 598, where Judge Bleckley said, with reference to a litigant who after once losing his case is undertaking to bolster it by different or additional pleadings in a subsequent proceeding: "He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war."

Comparing the two petitions brought by the plaintiff, under the test as to whether the general demurrer to the first petition invoked a ruling upon the merits of the plaintiff's case as stated in the last one, we can reach but one conclusion—that the plaintiff stated substantially the same case in both instances. The gist, the gravamen of her case, however stated, was fraud on the part of the defendants which she alleged resulted in a judgment in the court of ordinary adverse to her interests. The relief sought in both cases was the same—cancellation and setting aside of the judgment. The reasons relied upon in each instance were substantially the same. Counsel for the plaintiff in error states in his brief: "It was also agreed that the allegations contained in the first and second suits were substantially the same; . . yet there is a difference so marked and so clear that this difference should be noted and considered in passing upon a plea of res adjudicata."

We have carefully examined the pleadings in both cases, and can

find no difference except a difference of language. It is true there are some additional reasons stated in the latter petition, and some stated in the former petition are omitted from the second, but each has the effect of stating the plaintiff's complaint as is indicated above. In *Wilson* v. *Missouri State Life Ins. Co.,* 184 *Ga.* 184 (190 S. E. 552), it was said, in passing upon a somewhat similar situation: "The amendments offered by the plaintiffs in error did not strengthen the cause of action, but simply attempted to amplify the grounds of plaintiffs' suit. . . The plaintiffs in error should have set out all the grounds of complaint at the outset. Not having done so, they are bound by the judgment of this court [in *O'Malley* v. *Wilson,* 182 *Ga.* 97 (185 S. E. 109)], just as conclusively as if they had alleged and adopted their amended grounds at the outset." Even where additional allegations of merit are set up as grounds for recovery in the second suit, the first action still remains a bar to the second if the merits in the case as a whole were there adjudicated. See *Green* v. *Central of Georgia Railway Co.,* 112 *Ga.* 859 (38 S. E. 360).

We find in the present case that the plaintiff not only could have put in issue in the previous litigation all of the questions depended on by her in the second suit, but that she actually did so. Such a case was that of *Hamlin* v. *Johns,* 41 *Ga. App.* 91 (151 S. E. 815), where the court said: "Accordingly, the doctrine of res judicata must be given effect; and since it appears that the pleadings in the previous litigation not only 'might have put in issue' the question as to the alleged misrepresentation, but that under the evidence submitted in the previous proceeding such question was actually litigated, that issue must be taken as having been settled so as to conclude the losing party. See *McDonald Mortgage & Realty Co.* v. *Feingold,* 168 *Ga.* 763 (149 S. E. 132)." For further authorities on this general question see *Woods* v. *Travelers Ins. Co.,* 53 *Ga. App.* 429 (186 S. E. 467). We concur in the view that the plaintiff's case in the former litigation was adjudicated upon its merits, and that the second suit is barred.

*Judgment affirmed. All the Justices concur.*