DARLING STORES CORPORATION *v.* BEATUS, *et vice versa.*

DUCKWORTH, Justice. 1. A ruling on a general demurrer to a petition is a judgment on the merits of the case. *Hadden* v. *Fuqua,* 192 *Ga.* 668, 675 (16 S. E. 2d, 737), and cit.

2. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Such judgment may be pleaded in bar of another suit for the same cause. § 110-504.

3. While, in the language of the statute, in the defense of res judicata the subject-matter in issue in the former suit must have been between the "same parties," it is not required that all the parties on the respective sides of the litigation in the two cases shall have been identical, but it is sufficient as to identity of parties if those by and against whom the defense of res judicata is invoked in the latter case were real parties at interest or privies as to the controversy in the former case. *Crider* v. *Harris,* 183 *Ga.* 695, 697 (189 S. E. 519); *Mitchell* v. *Turner,* 190 *Ga.* 485 (9 S. E. 2d, 621); *National Life &c. Ins. Co.* v. *Leo,* 50 *Ga. App.* 473 (178 S. E. 322).

4. "The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject-matter are pending at the same time, and a judgment is rendered in one of such actions. It is immaterial whether the action in which the judgment is interposed as an estoppel was commenced before or after the action in which the adjudication was made. This rule is not affected by the failure to plead the pendency of the latter action." 30 Am. Jur. 948, § 214.

5. In *Darling Stores Corporation* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124), the present petitioner and another sought, against the present defendant and another, an injunction, an accounting, and a decree of title to an undivided half interest in, described realty, and this court affirmed the judgment of the trial court, sustaining the defendants' general demurrer to the petition as amended on the ground that no cause of action was set forth. In the present action, which was filed previously to that in which the former adjudication was made by this court, one of the petitioners in the other cause sought to have adjudicated, against one of the defendants therein, issues which were raised, or under the facts alleged therein could have been raised, and determined, and such issues have been determined by this court and become res judicata between the parties. Accordingly, where after the decision by this court the defendant filed in the present cause, then pending in the trial court, an amendment setting up a plea of res judicata in bar of the action, and praying that the petitioner be enjoined from slandering its title by asserting that the defendant is not the sole owner of the realty or that the petitioner has any interest in or title to the realty, the court did not err, upon the introduction of the entire record in the other cause, including the judgment rendered by this court on its appearance here, in sustaining the plea of res judicata and in directing a verdict and entering judgment permanently enjoin-

216

ing the petitioner from attempting in the pending cause, directly or indirectly, to assert the right to an adjudication or to seek an adjudication that it has any interest in or title to the realty involved in the litigation.

(a) The ruling in *Cureton* v. *Cureton*, 120 *Ga.* 559 (2) (48 S. E. 162), that an amendment raising new and distinct issues is not allowable after the filing of an auditor's report, has no application to the amendment here, which did not present for adjudication new issues arising under the facts of the pending cause, but constituted a plea of res judicata in bar of such action because of a prior adjudication by this court between the same parties.

6. The assignments of error on exceptions pendente lite of the plaintiff in error are controlled adversely to it by the former adjudication of this court, and no detailed discussion is deemed necessary.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

Nos. 15118, 15119. APRIL 4, 1945.

*Bond Almand* and *George & John L. Westmoreland,* for plaintiff.

*Isaac M. Wengrow* and *Albert E. Mayer,* for defendant.