STORY *v.* POPE *et al.*

HAWKINS, Justice. Lonnie A. Pope filed his suit in ejectment against Emmett L. Peterson, in Coffee Superior Court, claiming title to certain land in Coffee County. The defendant, Peterson, filed his plea and answer to that petition, admitting possession of and claiming title to part of the land described in the petition. While this proceeding was pending, Sam Story, the present plaintiff in error, without any order of court permitting him to do so, filed with the clerk of the court his intervention in that cause, in which he alleged that he was the owner of certain described land in Coffee County; that the land sought to be recovered in the case above referred to included land of the intervenor; that the petitioner and defendant in that case, and the intervenor, claimed title to the lands described under a common grantor, and he prayed that the intervention be ordered filed as a part of the record in that case, that he be made a party thereto, and that title to that part of the property claimed by him be decreed to be in him, and that he have such other and further relief as the exigencies of the case might require. On the date that the intervention was marked filed by the clerk, March 13, 1946, the court entered the following order thereon: "The within intervention, on motion of counsel for plaintiff in the cause in which intervention was sought, is hereby stricken and dismissed at the cost of intervenor." That case then proceeded to verdict and decree in favor of the plaintiff therein.

On October 20, 1948, Sam Story filed in Coffee Superior Court his suit against Lonnie A. Pope and Lee Harris, alias Charlie Harris, seeking a recovery of certain described lands, including a portion of the land involved in the Pope v. Peterson suit above referred to, and seeking to restrain and enjoin certain alleged trespasses thereon by the defendants.

To this suit of Story the defendants therein filed their plea of res judicata, wherein they set out the facts above stated with reference to the former litigation between Pope and Peterson and Story's attempt to intervene therein, and attaching thereto as exhibits copies of the petition, answer, intervention and order thereon, and the verdict and decree rendered in that case.

Counsel for the plaintiff moved to strike the plea of res judicata for the reason that, considered in connection with the several exhibits which are annexed thereto, it does not set forth a plea of res judicata in that it shows on its face that the basis of the claim of res judicata grows out of the filing on March 13, 1946, of an application by the plaintiff in this case to be allowed to intervene in the case of Lonnie A. Pope v. Emmett L. Peterson, which application to intervene was disallowed and stricken on the date of the filing thereof. The trial court overruled the motion to dismiss the plea of res judicata, and upon the introduction in evidence by the defendants of the pleadings attached thereto as exhibits, the trial judge, who, by consent of counsel passed upon the same without intervention of a jury, sustained the plea and dismissed the plaintiff's petition. To this judgment the plaintiff excepts. *Held:*

It not appearing from the plea of res judicata or from the evidence upon what grounds the intervention of Story in the case of Pope v. Peterson was stricken and dismissed, whether upon its merits, or upon the ground that the present plaintiff had no right to intervene in such a proceeding under the principles announced in *Sampson* v. *Vann,* 203 *Ga.* 612 (48 S. E. 2d, 293), and cases there cited, the trial court erred in overruling the motion to dismiss the plea of res judicata and in thereafter sustaining the same, and in dismissing the plaintiff's petition. *Papworth* v. *Fitzgerald,* 111 *Ga.* 54 (1) (36 S. E. 311); *Revels* v. *Kilgo,* 157 *Ga.* 39 (b) (121 S. E. 209). *Judgment reversed. All the Justices concur.*

No. 16687. JULY 11, 1949.

*Chalmers Chapman* and *R. A. Moore,* for plaintiff.
*D. C. Sapp* and *Marshall Ewing,* for defendants.