## 34011.   WOOD *v.* WOOD.

Decided April 19, 1952.

*Hicks & Culbert,* for plaintiff.

*Matthews, Maddox & Bell,* for defendant.

WORRILL, J. (After stating the foregoing facts.) The only question presented for determination is whether or not the sustaining of the demurrer to the cross-action in the previous case was a final judgment on the merits of the case barring the present suit. "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." Code, § 110-503. If, as contended by counsel for the plaintiff in error, the judgment of the court amounted to a ruling only that the cross-action was not maintainable because it was not germane to the issue in the divorce case, the dismissal would have been on grounds purely technical and the present suit would not be barred. *Smith* v. *Bird,* 189 *Ga.* 105, 106 (5 S. E. 2d, 336). However, the judgment was a general order sustaining the demurrer without specifying the grounds or the basis of the decision; hence it must be treated as sustaining the entire demurrer on all its grounds, general and special. *Willingham, Wright & Covington* v. *Glover,* 28 *Ga. App.* 394 (1) (111 S. E. 206); *DeLoach* v. *Georgia Coast & Piedmont R. Co.,* 144 *Ga.* 678 (1) (87 S. E. 889). Paragraph 4 of the demurrer, which contended that the prenuptial agreement should have been in

writing, and it was not alleged that it was in writing, went to the merits of the case, and the judgment on the demurrer, right or wrong, being unexcepted to and unreversed, became the law of the case. *Bean* v. *Barron*, 176 *Ga.* 285, 287 (168 S. E. 259). The judgment was upon the merits, since it amounted to a declaration of the law as to the respective rights and duties of the parties, based upon the ultimate facts disclosed by the pleadings, and upon which the right of recovery depended (*Wolfe* v. *Georgia Ry. &c. Co.*, 6 *Ga. App.* 410, 412, 65 S. E. 62); and hence is a bar to this suit for the same cause. Code, § 110-504. "He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." *Perry* v. *McLendon*, 62 *Ga.* 598, 605. The court did not err in sustaining the plea of res judicata and dismissing the petition.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*