18728. DIXON *et al. v.* DIXON.

ARGUED SEPTEMBER 15, 1954—DECIDED OCTOBER 13, 1954.

*Victor Davidson, Lester F. Watson,* for plaintiffs in error.

*Alex S. Boone, Jr., Nelson & Nelson,* contra.

MOBLEY, Justice. The opinion rendered by the trial court in considering general and special demurrers stated in effect that the prior petition, which was in one count, was in the alternative, in that it alleged the deed sought to be canceled was either a forgery, or the signatures of petitioners thereto were obtained by fraud and deceit, and that as against general demurrer the allegations as to forgery were sufficient, but the allegations as to fraud and deceit were insufficient. The opinion concluded with the announcement: "Accordingly, the defendant's general demurrer is sustained, and the petition is dismissed." Counsel for the petitioners insist that the above judgment was a purely technical decision, and that the merits of the case were not passed upon.

If in rendering its judgment upon a demurrer to a petition the court does not decide upon the merits of the case, a judgment sustaining a demurrer and dismissing the petition is not a bar to another proceeding for the same cause. Code § 110-503; *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 59 *Ga.* 157, 164; *Papworth* v. *Fitzgerald,* 111 *Ga.* 54 (36 S. E. 311); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (54 S. E. 706, 28 L. R. A. (NS) 785); *Story* v. *Pope,* 205 *Ga.* 523 (54 S. E. 2d 394). However, if in rendering the judgment on the demurrer to the previous petition the court decides upon the merits of the case, the judgment operates as res judicata to a second petition based on the same cause of action. Code § 110-504; *Kimbro* v. *Virginia &c. R. Co.,* 56 *Ga.* 185; *Revels* v. *Kilgo,* 157 *Ga.* 39 (b) (121 S. E. 209); *Smith* v. *Bird,* 189 *Ga.* 105 (5 S. E. 2d 336); *Darling Stores Corp.* v. *Beatus,* 199 *Ga.* 215 (1) (33 S. E. 2d 701).

Where, as here, the petition in one count alleged that the deed sought to be canceled was either a forgery or that the signatures thereto were obtained by fraud and deceit, and as against general demurrer the allegations as to forgery, if standing alone would have been sufficient, but the allegations as to fraud and

deceit were insufficient, and the trial judge correctly held that, where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad, or in other words, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader, and dismissed the action, his ruling was a judgment on the merits of the case; and a second proceeding filed by the same petitioners against the same defendant upon the same cause of action seeking cancellation of the same deed was subject to the plea of res judicata.

Accordingly, the trial court did not err in sustaining the defendant's plea of res judicata to the second proceeding, and upon the separate trial of the plea which disclosed the facts to be as above indicated, in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*