41121. SMITH v. BANK OF ACWORTH.

NICHOLS, Presiding Judge. James P. Smith, Jr., filed the present action to recover damages allegedly accruing as a result of a contract entered into by the plaintiff with the defendant, the Bank of Acworth. Defendant filed a plea of res adjudicata

based upon a prior action filed by the plaintiff seeking specific performance of a contract arising out of the same transaction involved in the present litigation, in which prior action a general demurrer was sustained. On appeal the judgment of the trial court in the prior action was affirmed because the petition failed to allege tender. See *Smith v. Bank of Acworth*, 218 Ga. 643 (129 SE2d 857). The plea had attached thereto as exhibits the petition in the original case, the judgment of the trial court sustaining the defendant's general demurrer, the remittitur from the Supreme Court and the judgment of the trial court making the judgment of the Supreme Court the judgment of that court. To such plea the plaintiff demurred on the ground that a dismissal on demurrer is a dismissal on a legal technicality which does not pass upon the merits of the plaintiff's case. Such demurrer was overruled and on the trial of the issue raised by the defendant's plea, before the trial court without the intervention of a jury, the original papers referred to above were introduced into evidence and a judgment rendered sustaining the defendant's plea of res adjudicata. The plaintiff now assigns error on such judgments adverse to him. *Held:*

"If in rendering its judgment upon a demurrer to a petition the court does not decide upon the merits of the case, a judgment sustaining a demurrer and dismissing the petition is not a bar to another proceeding for the same cause. *Code* § 110-503; *National Bank of Augusta v. Southern Porcelain Mfg. Co.,* 59 Ga. 157, 164; *Papworth v. Fitzgerald,* 111 Ga. 54 (36 SE 311); *Dolvin v. American Harrow Co.,* 125 Ga. 699 (54 SE 706, 28 LRA (NS) 785); *Story v. Pope,* 205 Ga. 523 (54 SE2d 394). However, if in rendering the judgment on the demurrer to the previous petition the court decides upon the merits of the case, the judgment operates as res judicata to a second petition based on the same cause of action. *Code* § 110-504; *Kimbro v. Virginia &c. R. Co.,* 56 Ga. 185; *Revels v. Kilgo,* 157 Ga. 39 (b) (121 SE 209); *Smith v. Bird,* 189 Ga. 105 (5 SE2d 336); *Darling Stores Corp. v. Beatus,* 199 Ga. 215 (1) (33 SE2d 701)." *Dixon v. Dixon,* 211 Ga. 122, 124 (84 SE2d 37).

The judgment in the prior case held that the plaintiff's petition failed to set forth a cause of action for the relief sought, thus deciding the case on its merits. Accordingly, the judgments overruling the plaintiff's demurrer to the defendant's plea and

sustaining such plea must be affirmed. See also *Wolfe v. Georgia R. &c. Co.,* 6 Ga. App. 410 (65 SE 62); and *Hughes v. Henderson,* 61 Ga. App. 743 (7 SE2d 317).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

DECIDED FEBRUARY 1, 1965.

*Alton T. Milam,* for plaintiff in error.

*Edwards, Bentley, Autrey & Parker, L. M. Awtrey, A. Sidney Parker,* contra.