23273, 23274. SIRMANS v. ALLEN, Executor, et al.; and vice versa.

DUCKWORTH, Chief Justice. It appearing from the pleadings, the evidence—none of which contradicts the records in the lower court—and the motion for summary judgment that the appellant-plaintiff had previously filed a bill in equity against the defendants, now cross appellants and appellees, alleging in substance the same suit to recover the same property by an alleged implied trust, to which general demurrers had been renewed after amendment and thereafter sustained after a hearing, and no appeal therefrom taken, the two cases being between the same parties, or their privies, and being the same issue or under which all issues between the parties might have been considered, the judgment sustaining the demurrers and dismissing the case is conclusive between the parties, and is res judicata. *Darling Stores Corp. v. Beatus,* 199 Ga. 215 (33 SE2d 701); *Dixon v. Dixon,* 211 Ga. 122, and cases cited at page 124 (84 SE2d 37). The lower court erred in refusing to grant the motion for summary judgment. While the trial judge in each case was the same, and he states in his order denying the summary judgment that the merits were not passed on in ruling on the demurrers to the first case filed, yet the record clearly shows that the general demurrers had been sustained, and the petition dismissed for that reason. The ruling on the cross appeal requiring the reversal of the lower court renders it unnecessary to consider the main appeal.

*Judgment reversed on the cross appeal; main appeal dismissed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1965—DECIDED JANUARY 6, 1966— REHEARING DENIED JANUARY 18, 1966.

*W. D. Knight, E. R. Smith, Sr.,* for appellant.
*J. Lundie Smith, John W. Langdale,* for appellees.

704

On Motion for Rehearing.

Capable counsel argue in their motion with much earnestness that the judgment sustaining the demurrers to the previous petition, as amended, did not decide the merits—which is unquestionably necessary for it to bar this action. We here set forth portions of the renewed demurrers, to wit: "sets forth no cause of action against the defendant(s), nor does it allege any matter or thing entitling the plaintiff, in law or equity, to the relief prayed for or to any relief whatsoever against the defendant[s]." Other grounds asserted that it was barred by laches and by the statute of limitation. No lawyer can deny that all such grounds went to the merits of the case. The renewed demurrers contained these by reference and also a ground of want of parties which would not go to the merits. But the judgment on the renewed demurrers containing all the above grounds was as follows: "the within demurrers, as renewed, are, after argument of counsel sustained, and the petition as amended is *Dismissed*." It cannot be denied that the judgment sustained each ground and, hence, went to the merits of the case by holding that no cause of action was alleged. We hope sincere counsel will see from the foregoing that the merits were decided where it was held that all the allegations on their merit alleged no cause of action.