### HODGMAN *v.* BARKER.

*(Supreme Court, General Term, First Department. October 16, 1891.)*

APPEAL—DISMISSAL—VACATING ATTACHMENT.

Pending an appeal by one attaching creditor from an order denying a motion by him to vacate a prior attachment against the same defendant, his own attachment was vacated on motion of a subsequent attaching creditor. *Held,* that the appeal must be dismissed, as appellant was no longer in a position to assert any claim to the attached property.

Appeal from special term, New York county.

Action by George F. Hodgman against Stephen T. Barker, in which plaintiff obtained a warrant of attachment against defendant's property. A motion to vacate the attachment, on the papers upon which it was granted, was made by the National Broadway Bank, a subsequent attaching creditor, and was denied. The bank appeals from the order denying its motion. Dismissed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Kelly & MacRae,* (*Wm. F. MacRae,* of counsel,) for appellant. *Eugene K. Sackett,* for respondent.

VAN BRUNT, P. J. The disposition of the case of *Bank* v. *Same Defendant,* 16 N. Y. Supp. 75, seems to dispose of this appeal. Notwithstanding the weakness of the papers upon which the plaintiff's attachment was granted, the appellant cannot succeed upon this appeal, because of the fact, of which this court must take judicial notice, that its attachment has been set aside upon motion of the defendant because of the insufficiency of the papers upon which it was granted, and is therefore no longer in a position to assert any claim to the property upon which the attachment in this action had been levied. We think, therefore, that the appeal must be dismissed, but without costs. All concur.