AKERMAN  v.  MAYOR  AND  ALDERMEN  OF
CARTERSVILLE  et al.

AKERMAN  v.  BOARD  OF  SCHOOL  COMMISSIONERS,
etc.,  OF  CARTERSVILLE  et al.

1. A writ of error will be dismissed if while it is pending an event occurs which makes the determination of it unnecessary.
2. The principle above stated is especially applicable when the identical question involved has been decided on another writ of error between the same parties, involving the same controversy.
3. In a case of the character indicated in the note immediately preceding, the costs of the dismissed writ of error are properly taxable against the plaintiff in error.

Argued November 5,—Decided November 14, 1903.

Motions to dismiss the writs of error.

*J. B. Conyers*, for plaintiff.

*J. M. Neel* and *John W. & Paul F. Akin*, for defendants.

COBB, J. Akerman presented to the judge of the superior court two petitions for certiorari ; one complaining of a resolution of the Mayor and Aldermen of Cartersville, declaring that he had not been elected a member of the school board ; the other complaining of a resolution of the school board attempting to carry into effect the resolution of the mayor and council above referred to. At the hearing both petitions were dismissed. In *Akerman* v. *Board of School Commissioners*, 118 *Ga.* 384, it was held that the two resolutions above referred to were null and void, and that Akerman was entitled to a mandamus to compel the school board to recognize him as still a member. It was admitted in the argument of the present cases that as a result of this decision Akerman was in the full exercise of his rights and privileges as a member of the school board. As the questions raised in the present cases have already been decided in favor of the plaintiff in error, there is no longer any issue between the parties. It is therefore wholly unnecessary to determine again the questions already decided on the previous writ of error. Nor is it necessary to determine whether certiorari was available as a remedy to test the validity of the resolutions of the mayor and aldermen and the school board. The writs of error will therefore be dismissed. 3 Cyc. 188 (4). See

also, in this connection, *Edwards* v. *Central of Georgia Ry. Co.*, 118 *Ga.* 678.

Counsel for the plaintiff in error asked that in the event the writs of error were dismissed the costs should be taxed against the defendants in error. We think the plaintiff in error should pay the costs of the two writs of error. If certiorari was an appropriate remedy, Akerman had pending at the same time two remedies for the same wrong, and the defendants in error should not be taxed with the costs of two remedies when one was sufficient to accomplish the purpose sought. If certiorari was not available as a remedy, then certainly the defendants in error should not be taxed with the costs of a proceeding which the plaintiff had instituted against them without authority of law.

*Writ of error in each case dismissed. All the Justices concur.*