# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

##### AT THE

## OCTOBER TERM, 1915.

---

6294.   TURNER *v.* HILL, sheriff.

A writ of error will be dismissed if, while it is pending, an event occurs from which it is apparent that a determination of the merits of the writ is unnecessary. In no case will the Court of Appeals undertake to pass upon questions presented by a bill of exceptions when the adjudication of them, even though favorable to the plaintiff in error, could not result in any practical benefit to him; and in such a case the writ of error will be dismissed. Moot questions are not for solution by courts.

DECIDED OCTOBER 7, 1915.

Habeas corpus; from city court of Dawson—Judge M. C. Edwards.   December 22, 1914.

*R. R. Jones, C. J. Taylor,* for plaintiff.

*L. C. Hoyl, W. H. Gurr,* for defendant.

RUSSELL, C. J.   It being conceded in the brief and argument of his counsel that the possessory warrant under which the plaintiff in error was arrested has been dismissed and he has been discharged, a decision of the questions raised in the present record would be immaterial to any right of the plaintiff in error, and the case therefore falls under the general rule that courts of review will not undertake to adjudicate causes which have been so far disposed of as to leave the plaintiff in error no substantial ground for complaint, nor concern themselves with delivering an opinion upon moot questions.

The bill of exceptions assigns error upon the judgment refusing to discharge the plaintiff in error on a petition for habeas corpus,

and the questions raised by the record are: whether a defendant in a possessory warrant can be detained in jail by a sheriff under the warrant, without any judgment or order from a magistrate or judge; and whether the arrest and detention of the plaintiff in error was legal, in view of the fact that at the time he was arrested by the sheriff he was a witness in attendance upon the superior court of Terrell county. He insists also that the process under which he was detained was not a lawful process, because he was a resident of Calhoun county and the justice of the peace of Terrell county who issued the possessory warrant was without jurisdiction to issue it. It is admitted in the briefs and argument of counsel that subsequently to the judgment of the judge of the city court of Dawson upon the petition for habeas corpus, the possessory warrant under which the plaintiff in error was imprisoned was dismissed, and he and his sureties were discharged upon the bond which the judge of the city court had required him to give. It is therefore apparent that even if we were to decide that all the contentions of the plaintiff in error were meritorious and well taken, the judgment would be ineffectual, because the lower court no longer has jurisdiction of the proceeding. Counsel for the plaintiff in error insists that "it is very material to the interest of plaintiff in error to have the law distinctly announced by this court, as to whether his detention in jail was illegal, and that it is now his right to know whether he was wrongfully deprived of his liberty."

The unremitting labor involved in deciding cases in which substantial rights of parties litigant are involved is amply sufficient to employ our entire time and to consume our surplus energies. However accommodating might be our disposition, the labor involved in those cases in which there is necessity for decision, paralyzes the impulse to indulge in learned disquisition upon mere abstractions. From the cases cited in *Kitchens* v. *State*, 4 *Ga. App.* 440 (61 S. E. 736), it will be seen that the rule that courts of review do not settle moot questions or deal with fictitious litigation, nor proceed to judgment where it is shown that the parties have settled their controversy, is well settled. See also *Benton* v. *Singleton*, 114 *Ga.* 548 (40 S. E. 811); *Akerman* v. *Cartersville*, 119 *Ga.* 27 (45 S. E. 725); *Davis* v. *Mayor &c. of Jasper*, 119 *Ga.* 57 (45 S. E. 724); *Marietta Chair Co.* v. *Henderson*, 119 *Ga.*

68 (45 S. E. 725), in which the reasonableness of dismissing a writ of error because a judgment of reversal would be of no practical effect and a mere nullity, in contrast with the impropriety of reversing a judgment upon proof of facts which have transpired since the rendition of the judgment, is pointed out. In fact there are numerous similar decisions. The proof that this controversy has been settled is found in the admission in the briefs filed by counsel for both parties in the case. In accordance with the usual practice in such cases, the writ of error will be

*Dismissed.*