STUTSMAN ET AL. v. EARLES ET AL.

[No. 9,780.   Filed March 6, 1919.]

1. PLEADING.—*Cross-Complaint.*—*Legal Effect.*—In an action to quiet title, the filing of a cross-complaint asking for affirmative relief as to the real estate described in the complaint is substantially the institution of a reservation to enforce a separate and distinct right.  p. 517.

2. APPEAL.—*Moot Question.*—*Dismissal.*—In an action to quiet title, where final judgment for defendants on their cross-complaint quieting their title to the realty involved was unappealed from and unappealable, an appeal prosecuted by plaintiffs only on alleged errors in forming issues upon the complaint involves moot propositions of law, since appellants would be without further remedy if their appeal were sustained, and the appeal must be dismissed.  p. 517.

From Vermillion Circuit Court; *Josiah T. Walker,* Special Judge.

Action by Addison E. Stutsman and others against Mary E. Earles and another. From the judgment rendered, the plaintiffs appeal. *Appeal dismissed.*

*L. D. Carey, Philip E. Winter* and *E. E. Neel,* for appellants.

*Conley & Conley,* for appellees.

NICHOLS, J.—The appellants and the appellee Mary E. Earles are heirs at law of David L. Stutsman, deceased, and, as such heirs, the appellants filed their complaint in the Vermillion Circuit Court to quiet their title to, and for the partition of, certain real estate, which they claim to own, the complaint being in four paragraphs.

The first and second paragraphs are to quiet title, the second also praying for the cancellation of certain deeds executed by the said David L. Stutsman to the

appellees. The third paragraph is for partition of said real estate, and the fourth alleges fraud in the procurement of said deeds from the father to the appellees, and asks that the same be set aside and held for naught as to the interest of the appellants. Appellees filed demurrer to each paragraph of complaint, which was overruled. Appellees then filed answer in three paragraphs, the first being a general denial, and the second and third being, respectively, pleas of *res adjudicata*. Appellees also filed their cross-complaint in said cause. Appellants filed separate demurrer, with memorandum, to the second and third paragraphs of the appellees' answer, which was overruled, to which ruling appellants at the time excepted. Appellants then filed a reply in one paragraph to the second and third paragraphs of appellees' answer, to which reply appellees demurred, and the demurrer was sustained by the court, to which ruling appellants, at the time, excepted. Thereupon the appellants refused to plead further and stood upon the demurrer to the appellees' second and third paragraphs of answer, and upon their reply to said answers, and judgment was rendered against them in favor of the appellees. The appellees' cross-complaint is to quiet title to the same real estate that is described in the complaint. To this cross-complaint the appellants filed answer in general denial.

The final entry and judgment in this cause is as follows: "Come again the parties hereto by their counsel and the plaintiffs file answer in one paragraph to the cross-complaint of the defendants, which answer is in the words and figures as follows, to wit: (Here insert the answer.) Now on defendants' motion the plaintiffs are ruled to reply to the second and

third paragraphs of the defendants' answer, and the plaintiffs refusing to reply or to plead further to said paragraphs of answer, and electing to stand upon their demurrer to said paragraphs of answer heretofore overruled by the court, and upon their reply heretofore filed to which demurrer was sustained by the court and upon the court's ruling to the plaintiffs' demurrer to said paragraphs of answer and on the defendants' demurrer to the plaintiffs' reply, judgment is now rendered against the plaintiffs and in favor of the defendants on demurrer. It is, therefore, considered and adjudged by the court that the plaintiffs take nothing by their action herein.

"This cause being at issue on the cross-complaint is submitted to the court for trial and judgment without the intervention of a jury, and the court having heard the evidence and being sufficiently advised in the premises finds for the defendants on their cross-complaint herein, that they are the owners in fee simple and in possession of the real estate described in their cross-complaint and that their title in and to said real estate should be quieted. It is, therefore, further considered and adjudged by the court that the defendants are the owners in fee simple of the real estate described in their cross-complaint the same being in Vermillion County, in the State of Indiana and described as follows, to-wit: (Here follows description), and that the claim of the plaintiffs and each of them is unfounded and without right, and that the defendants' title thereto be, and the same is, hereby quieted and forever set at rest as against the plaintiffs and each of them and against all persons claiming under them."

The errors relied upon for reversal are: (a) The overruling of separate demurrer to the second and third paragraphs of the appellees' answer. (b) The sustaining of the appellees' demurrer to the appellants' reply to the second and third paragraphs of the answer.

1. There was no motion for a new trial of the issues on the cross-complaint, and no assignment of error pertaining thereto, no bill of exceptions containing the evidence, and no appeal from the judgment on the cross-complaint. The facts alleged by the appellants in their complaint could have been shown under a general denial to appellees' cross-complaint, and, so far as appears by the record, may have been so shown. The appellees, by filing their cross-complaint, became the actors asking for affirmative relief as to the real estate described in the plaintiffs' complaint, and the appellants became the defendants in said cross-complaint, in the same manner as if the cross-complaint had been filed by the appellees as an independent cause of action. The filing of such cross-complaint is held to be substantially the institution of a new action to enforce a separate and distinct right, in this case their affirmative right of quieting title to the real estate in controversy. *State, ex rel.* v. *Wimer* (1906), 166 Ind. 530, 77 N. E. 1078; *Chandler* v. *Citizens Nat. Bank, etc.* (1898), 149 Ind. 601, 49 N. E. 579.

2. This appeal is prosecuted only upon the alleged errors in forming the issues upon the complaint, and, if it were sustained and the cause were remanded to the trial court, the appellants would. be without further remedy because of the independent, final judgment on the cross-complaint un-

appealed from and now unappealable, quieting title of the real estate involved, in the appellees as against the appellants.  Any judgment that might be ren-- dered upon this appeal would in no .way affect the right or title of the appellees to such real estate, for that right has been determined by the final judgment on the cross-complaint.  It is the duty of this court, as it is the duty of all judicial tribunals, to render decisions as to actual controversies which can be carried into effect, and not simply to decide questions that have become moot propositions of law.  *State, ex rel.* v. *Lyons* (1909), 173 Ind. 278, 90 N. E. 72; *Dunn, Mayor,* v. *State, ex rel.* (1904), 163 Ind. 317, 71 N. E. 890; *Stauffer* v. *Salimonie Mining, etc., Co.* (1897), 147 Ind. 71, 46 N. E. 342; *Duquesne Borough* v. *Cole* (1898), 7 Pa. Super. Ct. 474; *Benton* v. *Singleton* (1901), 114 Ga. 548, 40 S. E. 811, 58 L. R. A. 181; *Mitchell* v. *Madden* (1900), 130 Cal. 18, 62 Pac. 483; *Floyd* v. *Cochran* (1898), 24 Colo. 489, 52 Pac. 676; *Akerman* v. *Board, etc.* (1903), 119 Ga. 27, 45 S. E. 725; *Edwards* v. *Central of Georgia R. Co.* (1903), 118 Ga. 678, 45 S. E. 462; *American Freehold Land, etc., Co.* v. *Heirs, etc.* (1895), 47 La. Ann. 1380, 17 South. 847; *Hodgman* v. *Barker* (1891), 16 N. Y. Supp. 76; *Moores* v. *Moores* (1899), 36 Ore. 261, 59 Pac. 327.

Under this state of the record in this case, we must decline to consider the questions as presented by appellants' assignment of error.

The appeal is dismissed.