## 16506. HALL v. ALFORD.

JENKINS, P. J. It appearing from the motion and the affidavit of counsel for defendant in error (which, though served on plaintiff in error, is not answered or denied), that the judgment excepted to by the plaintiff in error, dismissing his petition in certiorari, on the ground that the magistrate had not filed his answer in the required time, was acquiesced in by the filing of a renewal suit in certiorari, brought *before* the tendering of the bill of exceptions in the former suit, the right of exception must be regarded as having been relinquished, and the writ of error must therefore be dismissed; but without prejudice to the prosecution of such renewal action. If the bill of exceptions had been tendered and filed before such renewal suit was filed, the rule would be different, for in that case there would appear to be no abandonment of the first action. See *Randolph* v. *Brunswick &c. R. Co.*, 120 *Ga.* 969, 970 (48 S. E. 396) ; *Turner* v. *Hill*, 17 *Ga. App.* 257 (86 S. E. 460) ; *Drury* v. *Cameron & Barclay Co.*, 25 *Ga. App.* 15 (102 S. E. 373).

*Writ of error dismissed.* · *Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 22, 1925.

Certiorari; from Fulton superior court—Judge Bell. April 6, 1925.

STATEMENT OF FACTS BY JENKINS, P. J.

L. H. Alford sued out a dispossessory warrant in the municipal court of Atlanta against T. A. Hall. The defendant filed a counter-affidavit and gave bond. On the trial a judgment was rendered in favor of the plaintiff. The defendant sued out certiorari return-able to the January term, 1925, of Fulton superior court; the first day of the term being January 5, 1925. It appears that the judge who tried the case did not file his answer to the certiorari until January 16, 1925. Upon the hearing of the certiorari, on April 6, 1925, Alford moved to dismiss the certiorari, on the ground that the answer of the trial judge was not filed within the time required by law, to wit, five days before the beginning of the term; no order having been applied for and obtained by the petitioner for certiorari enlarging the time for filing. This motion was sustained and the certiorari dismissed, and Hall filed a bill of exceptions complaining of the dismissal of the certiorari. A motion to dismiss the bill of exceptions has been filed, upon the ground that since the dismissal of the certiorari the errors there complained of have become moot by reason of the conduct of the plaintiff in error. This motion is duly verified by Alford's counsel; and it alleges in substance the following: that the plaintiff in error, after the dismissal of the certiorari by the superior court on April 6, 1925, and before the

48

tendering, approval, and filing of this bill of exceptions on April 30, 1925, consented to, acquiesced in, and agreed to the judgment dismissing the certiorari, by bringing a renewal petition for certiorari, in Fulton superior court, under date of April 8, 1925, between the same parties and relating to the same subject-matter. A certified copy of the renewal petition for certiorari is attached to the motion to dismiss. No answer or denial of the allegations of the motion to dismiss the bill of exceptions has been filed by the plaintiff in error.

*Homer C. Denton, R. B. Lambert,* for plaintiff in error.

*Noah J. Stone,* contra.