## WILSON *v.* CITY COUNCIL OF AUGUSTA.

1. Where a defendant specially demurs to the omission of process from the petition, and in the same paper, without having in any manner protested the court's lack of jurisdiction due to the omission of the process, files a general demurrer asserting that the petition sets forth no cause of action, the defect as to the process must be held to have been waived.

2. Two cardinal principles are applied in this State in the construction of an act of the General Assembly which it is sought to avoid upon the ground that the act is for any specified reason in violation of the constitution of the State. The first is, that, if there is doubt upon the subject, all doubts are to be resolved in favor of the constitutionality of the legislation; and second, that if an act is only unconstitutional in part, the court shall so declare as to such portion of the enact-

Appearances, 4 C. J. p. 1337, n. 64; p. 1353, n. 48.
Constitutional Law, 12 C. J. p. 795, n. 31.
Statutes, 36 Cyc. p. 976, n. 27; p. 991, n. 87; p. 992, n. 90; p. 994, n. 97 New.

ment as is unconstitutional, but shall give effect to the intention of the General Assembly in the passage of the act, by preserving so much thereof as may operate consistently with the provisions of the organic law.

3. Properly construed, the act of 1923, empowering the cities and towns in this State to acquire and maintain playgrounds and supervised systems of recreation, etc. (Ga. L. 1923, p. 107), as originally introduced, does not impinge or offend the provisions of art. 1, sec. 4, par. 1, of the constitution, which prescribes: (1) That laws of a general nature shall have uniform operation throughout the State. (2) That no special law shall be enacted for which provision has been made by general law. (3) That no general law affecting private rights shall be varied except upon the written consent of all persons to be affected.

4. The controlling question in this case, therefore, is whether section 11a, which is clearly unconstitutional, shall invalidate the entire enactment and thus destroy the purpose of the General Assembly to further and promote the creation of a system of playgrounds, or whether it is the court's duty to preserve and enforce the intention of the General Assembly by cutting away that portion of the act which is obnoxious to art. 1, sec. 4, par. 1, of the constitution. Applying the second rule stated in the first headnote, and since upon consideration the portion of the act not excised therefrom is not in violation of the constitutional provision with which it is alleged to be in conflict, the act of the General Assembly above referred to, except section 11a thereof, must be held to be constitutional and enforceable.

5. It was error to sustain the general demurrer and dismiss the petition.

No. 5087.  JANUARY 18, 1928.

Petition for mandamus. Before Judge Franklin. Richmond superior court. December 11, 1926.

*W. M. Lester* and *Peebles & Bowden,* for plaintiff.

*Archibald Blackshear,* for defendant.

RUSSELL, C. J. In 1923 the General Assembly passed an act empowering cities and towns in this State to provide, maintain, and conduct supervised recreation systems, and to acquire and maintain playgrounds and other recreational facilities. This act was approved August 18, 1923, Ga. L. 1923, p. 107. Wilson brought a petition for mandamus to compel the City Council of Augusta to carry out the provisions of this act. The defendant demurred to the petition, and the court dismissed the action. The demurrer was based upon the following grounds: (1) No process was annexed to the petition. (2) No cause of action is set out. (3) The law upon which the petition is based is a local or special law, and is not a general statute and has no application to the City Council of Augusta. (4) The relator does not set forth facts which entitle him to the mandamus as prayed for. (5) The

provisions embodied in the act are provisions of a local or special statute, and the same are not of any force or effect in Richmond County. (6) The provisions of the law as set forth in the petition are not general throughout the · State, and do not operate uniformly throughout the State and upon the subject or subjects with which they profess to deal; the act in terms being a local or special law, in that section 11a thereof is as follows: "Provided, however, that the provisions of this act shall not apply to recreation or playground commissions, boards, or systems which are now created or which may hereafter be created by special acts of the legislature." (7) Said act, being a special or local law, violates the provisions of art. 3, sec. 7, par. 16, of the constitution, in that no notice of the intention to apply therefor was published as required by law. (8) The act is void, because contrary to the provisions of art. 1, sec. 4, par. 1, of the constitution.

1.   The first ground of demurrer is based upon the allegation that no process was annexed to the petition. As the trial court dismissed the petition upon other grounds of the demurrer, and the defendant has filed no cross-bill of exceptions, it is doubtful if the failure of the judge to dismiss the petition for want of process is properly before this court for adjudication; but conceding that it is before us, the court did not err in disdaining to notice the first ground of the demurrer, for it would have afforded no reason why the petition should be dismissed under the circumstances of the present case. The defendant waived process by his general demurrer, the second paragraph of the demurrer being "that no cause of action is set out in said petition." Under section 5559 of the Code of 1910, the defendant was pleading to the merits in the same breath that he was asserting that there was no process; but this court has uniformly held that the filing of a general demurrer is a waiver of process. *Lyons* v. *Planters Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155). It is true that in the *Lyons* case the defendant raised the question of service after appearance at the first term, and demurred generally at a subsequent term; and the court held that under those circumstances it was too late, but the general principle stated by Chief Justice Bleckley is that demurring generally to the plaintiff's petition is pleading to the merits. In view of the principle last stated, even if the defendant desired to raise the point that no process was annexed to the peti-

tion, he should have done so by a special pleading for that purpose, in which the jurisdiction of the court to consider the cause without process was expressly protested. The judge of the trial court would have been authorized to overrule the first ground of demurrer, for the reason that it was presented as one of the grounds of a demurrer which included the general demurrer that no cause of action was set forth; for, as held in the *Lyons* case, the omission of a prayer for process is amendable and is waived by appearance and pleading. The absence of a prayer for process is therefore not a good ground for general demurrer, and, as said in the *Lyons* case, is "waived by appearance and pleading." In this case there is a prayer for process, and the only basis of the first ground of the demurrer was that process had not been attached by the clerk. It was further held in the *Lyons* case that the special plea that no process was attached, not being sworn to, was entitled to no standing, because it could only be treated as a dilatory plea, "in which character it would have to be sworn to." ·The principle so clearly enunciated by Chief Justice Bleckley in the *Lyons* case has been followed in *Savannah &c. Ry. Co.* v. *Atkinson, 94 Ga.* 780 (21 S. E. 1010), *Southern Ry. Co.* v. *Cook*, 106 *Ga.* 450 (3) (32 S. E. 585), and in other cases so frequently as to obviate the necessity of further citation.

2. Upon consideration we are of the opinion that the merits of the several attacks upon the constitutionality of the act may all be solved by determining whether the act is a local or special law or a general law. For this reason the demurrer really contains but two grounds which need be considered at this time. The learned trial judge placed his judgment sustaining the demurrer upon the ground that "The original bill of 1923, providing for municipal playgrounds, was a general bill, which required no notice. By amendment the following rider was put on it, to wit: 'Provided, however, that the provisions of this act shall not apply to recreation or playground commissions, boards, or systems which are now created or which may hereafter be created by special acts of the legislature.' The bill, thus amended, made it a special or local law, which required notice in such cases as required by law. If this bill had originally been a local bill, the City Council of Augusta would not now be heard to say that the proper notice was not given; but this law is made local only by the amendment above

referred to. Therefore the demurrer filed to this petition is sustained." We concur in the opinion that the act of 1923 was a general law when it was introduced, but we can not concur in the view of our learned brother of the trial bench that the adoption of the amendment known as section 11a transformed the nature of the bill from a general to a local bill. Indeed, if that was the purpose of the amendment, the attempt was futile, because section ·11a is itself unconstitutional; whereas, treating the act as a general bill, there are no provisions other than those embodied in section 11a which conflict with art. 1, sec. 4, par. 1, of the constitution, providing that laws of a general nature shall have uniform operation throughout the State nor shall any special law be enacted for which provision has been made by an existing general law. The act as passed does not conflict with the second provision to which we have just referred; because prior to the passage of this act there was no existing general law as to playgrounds, so far as we are aware. No principle is more firmly fixed in our jurisprudence than that which requires the courts to strike only such portions of an act which is for any reason attacked as unconstitutional as are plainly subject to that defect, preserving at the same time in full force and effect all provisions of the act which are not unconstitutional. So frequent has been the application of this principle by this court that citation of authority is deemed unnecessary. When enactments of the co-ordinate legislative branch of the government are attacked as unconstitutional, not only must every doubt, if doubts exist, be resolved in favor of the constitutionality of the legislation; but even if a part must be destroyed, the court must save all that it possibly can from the wreckage.

3. Article 1, section 4, paragraph 1, of the constitution consists of three distinct parts, each referred to a distinct requirement or duty imposed upon the General Assembly. First, laws of a general nature shall have uniform operation throughout the State. Second, no special law shall be enacted for which provision has been made by general law. Third, no general law affecting private rights shall be varied in any particular case by special legislation, except with the free consent in writing of all persons to be affected thereby, etc. It is plain that the act of 1923 does not offend the second provision of art. 1, sec. 4, par. 1, because (even if the law were a special law) no provision as to

playgrounds in Georgia has been made by existing general law, and it has frequently been held that special laws may be passed where there is no conflicting general law. The playground act can not be said to fall within the inhibition of the third part of the constitutional provision now under consideration, since it is not special legislation varying a general law affecting private rights. This brings us to the question as to whether it was the intention of the legislature that the playground act should have uniform operation throughout the State. If, as said by the trial court in the order above set forth, the proposed bill as originally introduced was a general bill and the operation of the act when and if thus passed was therefore uniform, the act would not have been offensive to art. 1, sec. 4, par. 1, of the constitution.

4. So the real question in this case is whether the adoption of the amendment set forth as section 11a renders the act unconstitutional, as held by the trial judge. This court is of the opinion that, conceding that the provisions of section 11a are obviously unconstitutional, it is our duty to so declare; and having thereby avoided section 11a, there remains no difficulty as to the constitutionality of the remainder of the act. Section 11a consists of two parts or provisions: the first declaring that the provisions of this act shall not apply to playground systems already created; and the second excepting from the operation of the law such playground systems as may hereafter be created by special acts of the legislature. It is plain that the second provision of section 11a is void and of no effect, because it obviously seeks to violate the paragraph of the constitution just referred to, by providing a superiority in rank for special acts which might possibly be passed in the future over the general law of the State upon the same subject. As to the first provision, it does not necessarily follow that a law is not a general law within the requirement of the paragraph of the constitution under consideration because perhaps an ancient law, local in its nature, is excepted from the operation of the general law because the exception is necessary to preserve a pre-existing act of purely local scope, and the rights of the people of that particular locality which have been created by and are dependent upon such pre-existing local legislation. And even in very important general legislation such as the general local option law of 1885, an act to prevent the evils of intemperance, etc., this

court held that the act was not unconstitutional because there was an exception in the act which preserved all local laws then in existence prohibiting the sale of liquor. *City of Barnesville* v. *Means,* 128 *Ga.* 197 (57 S. E. 422). However, it is not necessary to rule upon this subject at this time, inasmuch as the exception referred to in the first provision has no existence, and there can be none in the future, as already stated, with reference to the second provision of section 11a.

We have not discussed the matter of lack of advertisement as required by the constitution for local and special bills, because, as indicated in the order of the judge, it must be presumed that there was advertisement as required, if a local or special bill has been passed by the General Assembly, unless it appears from the journals that there was no advertisement. The question of preliminary advertising of a local bill is for determination by the General Assembly before the passage of the bill. *Peed* v. *McCrary,* 94 *Ga.* 487 (21 S. E. 232); *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857). The courts must presume that the requisite publication was made, unless the contrary appears from the journals. *Fullington* v. *Williams,* 98 *Ga.* 807 (27 S. E. 183); *Chamlee* v. *Davis,* 115 *Ga.* 266, 271 (41 S. E. 691); *Lee* v. *Tucker,* 130 *Ga.* 43 (60 S. E. 164). We have referred to this because, even if the adoption of section 11a of the act as an amendment to what was previously a general bill could have transformed it into a local or special bill, it must be presumed that the amendment was taken from a local bill which had been duly advertised. *Lee* v. *Tucker,* supra.

5. It was error to sustain the demurrer and dismiss the petition.

*Judgment reversed. All the Justices concur.*