34298. ALMAND, administrator, *v.* NORTHERN ASSURANCE COMPANY LTD.

TOWNSEND, J. 1. "A writ of error will be dismissed if while it is pending an event occurs which makes the determination of it unnecessary." *Akerman* v. *Mayor &c. of Cartersville,* 119 *Ga.* 27 (1) (45 S. E. 725); *Turner* v. *Hill,* 17 *Ga. App.* 257 (86 S. E. 460); *Drury* v. *Cameron & Barclay Co.,* 25 *Ga. App.* 15 (102 S. E. 373).

2. Where, as here, a suit is dismissed on demurrer for a defect not going to the merits, and *prior to* the tendering of the bill of exceptions another suit is instituted by the plaintiff against the same defendant, based on the same cause of action, in a court of this State having jurisdiction of the subject matter, the bringing of the second action amounts to an acquiescence in the ruling on demurrer and is a relinquishment of the right to except thereto. *Hall* v. *Alford,* 34 *Ga. App.* 753 (131 S. E. 95).

194

3. This decision is not changed by the further fact—appearing from a verified answer to the motion to dismiss on behalf of the plaintiff in error—that a plea in abatement was filed to the second suit in the City Court of Athens, since the dismissal of this action is without prejudice to the prosecution of the renewed action, and must necessarily result in a judgment adverse to such plea. *Hall* v. *Alford,* supra.

*Writ of error dismissed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1952.

*O. J. Tolnas,* for plaintiff in error.
*Lokey, Bowden & Rolleston,* contra.

