34616. ALMAND, Administrator, v. NORTHERN ASSURANCE COMPANY, LTD.

DECIDED JULY 14, 1953—REHEARING DENIED JULY 28, 1953.

666

*O. J. Tolnas,* for plaintiff in error.

*Lokey, Bowden & Rolleston,* contra.

FELTON, J. In order to shorten this opinion and avoid duplication of citations we first wish to concede certain propositions of law set forth in the dissenting opinion. We recognize that the filing of a general demurrer is a waiver of process and defective process. The writer concedes that the filing of a general demurer together with a demurrer directed at the lack of process or defective process is a waiver of process and defective process unless the general demurrer is filed subject to the demurrer directed at the lack of process, and such latter demurrer supersedes the general demurrer so as to reach the question of process before the general demurrer is passed on. Other members of this court concurring in this opinion make this second concession merely for the sake of argument and of the decision of this case because, whether the second proposition is correct or not, it would not affect the conclusion in this case. We all recognize also that a former ruling on a general demurrer going to the merits is a bar to a subsequent action on the same cause of action. We also recognize that, where a bill of exceptions is dismissed and the judgment of the trial court stands unreversed and unchanged, the judgment of the trial court is the law of the case.

The crux of this case is this: Where the trial court sustains one general demurrer on its face apparently going to the merits of the case, and also at the same time sustains other demurrers directed at lack of legal process, and on appeal from that judgment this court interprets the trial court's judgment as *not being a ruling on the general demurrer to the merits,* but one dismissing the action for lack of process, and dismisses the writ of error because the plaintiff below rendered the technical dismissal moot because he had re-sued his case—does the unreversed judgment of the trial court become the law of the case to the effect that the action was dismissed on its merits, or does the judgment of

this court become the law of the case to the effect that as interpreted by this court the trial court's judgment was not a dismissal of the case on the merits? We think that this court's judgment is the law of the case, and that the trial court erred in dismissing the action in the instant case. The basis for this view is plain. If the trial court dismissed the first case on its merits and this court had dismissed the writ of error without affecting the trial court's judgment by interpretation and construction, the trial-court judgment would be the law of the case. This would have been true if this court had dismissed the writ of error because the bill of exceptions was not presented in time, or was not served, or a similar reason. However, the complexion of the case is quite different when this court in making its decision whether to pass on the merits or dismiss the writ of error interprets and construes the trial-court judgment not to be a dismissal on the merits. Such a decision was vital to the plaintiff in error. If the trial court's judgment was a dismissal on the merits, the plaintiff in error was entitled to a ruling on his exception to that judgment and his writ should not have been dismissed. If the trial court had rendered a judgment showing on its face that it did not rule on the merits, the plaintiff in error could have filed a second action, as against a plea of res judicata. The result is the same when this court in ruling on the trial court's judgment rules that it is not a judgment on the merits. Such a judgment was in the plaintiff in error's favor and protected the second action as against a plea of res judicata. He would have been under a misconception of its meaning if he had moved for a rehearing. The ruling by this court as to what the trial court's judgment meant is the law of that case, whether the ruling was right or wrong. This court had jurisdiction of the case, and therefore it had jurisdiction to decide whether to pass on a moot question, and in so acting had jurisdiction to interpret the trial-court judgment. This court's judgment and ruling on the trial court's judgment is certainly of higher dignity than the trial-court judgment, and it would certainly be an anomaly to say that the trial-court judgment takes precedence over a judgment of this court which defined and construed the trial-court judgment in such a way as to define the plaintiff in error's rights. This court construed the lower-court judgment as

meaning that the lower court sustained the general demurrer on the grounds of no cause of action because there was no process, on the theory that, if there is no process, there is no petition to set forth a cause of action. This court, in rendering judgment in the first case, followed the ruling in *Hall* v. *Alford*, 34 *Ga. App.* 753 (131 S. E. 95). The writer, speaking for himself alone, is of the opinion that the judgment in the *Hall* case should have been one of affirmance. However that may be, the principle announced in the *Hall* case is that, where a trial court dismisses a case on a ground not directed at the merits, the filing of a second action shows acquiescence in the dismissal. The reason for this ruling is that the appealing party has rendered moot the question whether his case was properly dismissed on a ground not involving the merits because he had instituted a second action, which on the face of it was a good action as respects the defect by reason of which his first action was dismissed. The whole basis of the acquiescence rule is that the second action is good as to the defect mentioned. Otherwise, the appeal would not be moot. We know of no rule of law, and no case has been cited to show one, to the effect that if a case is dismissed on general demurrer, the losing party forfeits his right of appeal by filing a second action before appealing. We have always understood that if identical actions are filed at different times, the pendency of the first is cause for abatement of the second. Code (Ann.) § 3-607. Whether the first action was appealed before or after the second was filed has nothing to do with the issue. We think we can show beyond peradventure that there was no acquiescence in this case by filing of the second action. On the face of the judgment sustaining the demurrers it appears that the court dismissed the case on its merits as well as on grounds not going to the merits. If the plaintiff was correct in his contention that the ruling of the court on the merits was error, and the defendant was correct in his contention that the demurrers not going to the merits were good, then the plaintiff of necessity had to file another action if he expected to protect his client. If he had waited until his appeal had been decided, he might have been too late. We think he had a right to file his second action to insure his client's rights in the event his first action was held to have been properly dismissed otherwise than on the merits. In-

stead of passing on the ruling of the lower court, which was on its face a ruling on the merits, this court construed the lower-court judgment not to be a ruling on the merits, which put the case in the category of those where the trial-court judgments showed on their faces that the dismissal was not on the merits. This court has said what the trial-court judgment meant in determining its jurisdiction to pass on the case. That judgment of this court stands unreversed and is the law of the case to the extent that the defendant may not plead a judgment on the merits as a bar to the present action. That is the only question before this court and, of course, it is the only question we can or intend to decide.

The court erred in sustaining the plea of res judicata and in dismissing the action.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur. Sutton, C. J., and Worrill, J., dissent.*

SUTTON, C. J., dissenting. A statement of facts precedes the majority opinion, but, in order that my view of this case may be clearly understood, I will restate some of the pertinent facts in the course of what I have to say. The judgment here excepted to was rendered in the suit in the City Court of Athens, which suit was filed after, but on the same day, the judgment was rendered dismissing the action in the Superior Court of Clarke County by sustaining the defendant's general demurrer thereto. Both suits were between the same parties and on the same cause of action. After the plaintiff's suit in the superior court was dismissed, and after he filed this suit in the City Court of Athens, he sued out a writ of error to the Court of Appeals, excepting to "the order sustaining the general demurrer of the defendant to the petition as amended," in the superior-court case. A copy of that general demurrer appears in the statement of facts in this case, ground 1 of same being that the petition as amended failed to state a cause of action against the defendant; and grounds 2 and 3 are to the effect that no process was issued on the original petition, that the process issued under order of the court upon amendment, after the return term, was null and void, and that the petition, having no valid process issued in connection therewith, is null and void and does not constitute a valid suit against the defendant.

The defendant filed a demurrer, an answer, and a plea of res judicata to the suit in the city court. The defendant, in the plea of res judicata, set up the judgment rendered in its favor in the suit in Clarke Superior Court, alleging that that suit was on the same cause of action and between the same parties and was one of which the court had jurisdiction; and it was also alleged in said plea that the plaintiff had filed his bill of exceptions to the Court of Appeals, seeking to reverse the judgment of Clarke Superior Court, but that the Court of Appeals dismissed the bill of exceptions, and that the judgment of Clarke Superior Court stands as a final adjudication of the cause of action sued upon. This plea of res judicata was tried separately from the other issues in the case, and the evidence submitted on said trial consisted of the parts of the record in the suit in Clarke Superior Court and in the Court of Appeals, the same being set out in the statement of facts in the present case, and consisting of the petition, the amendment thereto, the defendant's demurrers, and the judgment thereon, etc., appearing as items (1) through (8), inclusive, in said statement of facts.

After hearing and considering this evidence, the Judge of the City Court of Athens sustained the plea of res judicata and dismissed the plaintiff's suit. The plaintiff excepted to this judgment.

When the defendant appeared and filed a general demurrer to the suit in the superior court on the ground (1) that the petition failed to set out a cause of action, it waived the irregularities of process, or the absence of process, which were complained of in grounds 2 and 3 of the demurrer. Code § 81-209 provides: "Appearances and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof.". The filing of the general demurrer, to the effect that the petition failed to set out a cause of action, amounted to a plea to the merits of the case and was such an appearance as to waive defects in or absence of process. *Lyons* v. *Planters Loan & Savings Bank*, 86 *Ga*. 485 (1) (12 S. E. 882, 12 L. R. A. 155); *Southern Ry. Co.* v. *Cook*, 106 *Ga*. 450 (3) (32 S. E. 585); *Emmett & Co.* v. *Dekle*, 132 *Ga*. 593 (1) (64 S. E. 682); *Wilson* v. *City Council of Augusta*, 165 *Ga*. 520 (141 S. E. 412); *Bower* v. *Avery*, 172 *Ga*. 272 (4) (158 S. E. 10); *Carter* v. *Smith & Sons*, 5 *Ga. App*. 804 (63 S. E. 932).

It was ruled in the *Wilson* case, 165 *Ga.* 520 (1), supra: "Where a defendant specially demurs to the omission of process from the petition, and in the same paper, without having in any manner protested the court's lack of jurisdiction due to the omission of the process, files a general demurrer asserting that the petition sets forth no cause of action, the defect as to the process must be held to have been waived." Two of the grounds of demurrer in that case were: "(1)  No process was annexed to the petition.  (2)  No cause of action is set out." It was said in the opinion in that case, on page 522: "The defendant waived process by his general demurrer, the second paragraph of the demurrer being 'that no cause of action is set out in said petition.' Under section 5559 of the Code of 1910 [Code, 1933, § 81-209], the defendant was pleading to the merits in the same breath that he was asserting that there was no process; but this court has uniformly held that the filing of a general demurrer is a waiver of process."

The demurrer to the suit in the superior court, between the parties here involved, like the demurrer in the *Wilson* case, was one paper, the first ground of same being that the petition failed to set out a cause of action, and the other two grounds going to the matter of process. No question of jurisdiction was raised by the demurrer. Code § 81-503 is as follows: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." As pertinent to this point, also see *Carter* v. *Smith*, 5 *Ga. App.* 804, supra.

The question as to process was waived by the first ground of demurrer, which went to the merits of the case. The order of the court sustained the general demurrer and dismissed the petition. That judgment has not been reversed. It was excepted to, and error was assigned in the bill of exceptions on the sustaining of the general demurrer, but the writ of error was dismissed. *Almand* v. *Northern Assurance Co., Ltd.*, 87 *Ga. App.* 193 (73 S. E. 2d 101).

A former ruling on a general demurrer going to the merits of the case is a bar to a subsequent suit on the same cause of action. *Smith* v. *Bird*, 189 *Ga.* 105 (5 S. E. 2d 336); *Revels* v. *Kilgo*, 157 *Ga.* 39 (121 S. E. 209); *Sudderth* v. *Harris*, 51 *Ga. App.* 654 (181 S. E. 122); *Fain* v. *Hughes*, 108 *Ga.* 537 (33 S. E.

1012); *Hadden* v. *Fuqua,* 194 *Ga.* 621 (22 S. E. 2d 377). Where a bill of exceptions is dismissed and the judgment of the trial court stands unreversed, the judgment of the trial court is the law of the case. *Palmer* v. *Jackson,* 188 *Ga.* 336 (4 S. E. 2d 28); *Tyndale* v. *Manufacturers Supply Co.,* 209 *Ga.* 564 (74 S. E. 2d 857).

Applying these principles of law to the facts of the present case, where it appears that the first ground of demurrer in the former suit, to wit, that the petition failed to state a cause of action, was sustained, and this ruling was not reversed on appeal, but the writ of error was dismissed (*Almand* v. *Northern Assurance Co., Ltd.,* supra), the judge of the city court did not err in sustaining the plea of res judicata. While it was stated in the decision in 87 *Ga. App.* 193 that the writ of error was dismissed without prejudice to the prosecution of the present renewed action, the opinion in that case shows that such statement was made only with respect to the rulings on the demurrers pointing out a want of valid process in the former suit, i.e., grounds 2 and 3, and nothing was mentioned concerning the judgment of the superior court sustaining the first ground of the demurrer, to the effect that the petition failed to state a cause of action. So, when the writ of error was dismissed, it left the judgment of Clarke Superior Court, sustaining the general demurrer, standing unreversed, and that judgment bars the present suit on the same cause of action.

Of course, if this court had reversed the judgment of the superior court, or if that judgment had not been one going to the merits of the case, then we would have an entirely different proposition from the one presented by the record in this case. But I do not believe that this court can, by what is termed construction, render invalid the unreversed judgment of the. trial court, which, under the law and the facts, was necessarily rendered on the merits of the case. I think that this is true, although this court, in dismissing the writ of error gave as its reason for doing so that the suit in the superior court was dismissed on demurrer for a defect not going to the merits. The judgment on the general demurrer in the superior court was, in fact and in law, untouched by the judgment of this court dismissing the writ of error.

674

Furthermore, "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party" (Code § 3-601); and where the plaintiff chose to relinquish his right of exception to the judgment in the former suit by filing the present suit before tendering his bill of exceptions to the former judgment, he cannot now complain that his cause of action is barred by the former judgment against him, which stands unreversed.

I am of the opinion that the Judge of the City Court of Athens did not err in sustaining the plea of res judicata and in dismissing the plaintiff's suit in that court. Judge Worrill concurs in my view of this case as expressed in this dissent.