## 38205. CAUBLE *v.* WEIMER.

TOWNSEND, Judge. 1. (a) Where several grounds of general demurrer to a petition are sustained or overruled by the trial court, and the appellate court on appeal specifically passes on only one of the grounds, and bases its decision on that ground, the grounds of general demurrer not specifically passed upon and reversed by the appellate court remain, to the extent that

they are not affected by the decision of the appellate court on review, the law of the case. *Northern Assurance Co.* v. *Almand,* 210 *Ga.* 243 (78 S. E. 2d 788), reversing *Almand* v. *Northern Assurance Co.,* 88 *Ga. App.* 664 (77 S. E. 2d 321), and see *Almand* v. *Northern Assurance Co.,* 87 *Ga. App.* 193 (73 S. E. 2d 101).

(*b*) In the present case the trial court in the first instance overruled all the general demurrers to the petition. On appeal, the Supreme Court (*Weimer* v. *Cauble,* 214 *Ga.* 634, 637, 106 S. E. 2d 781) reversed the judgment of the trial court in the following language: "Under the foregoing rules, in so far as the general demurrers sought to attack the petition for want of notice and demand to abate the nuisance, or because the damages alleged were not specifically described, the demurrers were properly overruled. An allegation that a party is the owner of described real estate is an allegation of an ultimate fact and is not a conclusion of law. *Foster* v. *Rowland,* 194 *Ga.* 845 (4) (22 S. E. 2d 777). In the present case, however, there is no description of the plaintiff's property, nor are there any descriptive averments which might afford a key to a description of his lands. . . There being no adequate description of the plaintiff's property to sustain an action for trespass, the court erred in overruling the general demurrers."

(*c*) It follows that the original petition must be construed, under the law of the case, as having set out a cause of action except for the fact that the description of the plaintiff's property was too vague and indefinite.

2. (*a*) The original judgment overruling the general demurrers to the petition was reversed by the Supreme Court on January 12, 1959, and there was no motion to rehear in that court. The amendment was filed in the trial court on January 16, and the order of the court allowing it was signed and dated at 3:45 p.m. on that day. On the same day the trial judge signed an order, the hour not being shown, making the remittitur of the Supreme Court the judgment of the trial court subject to amendment, and this remittitur was filed on January 26, 1959. No further demurrers were filed. On November 4, 1959, the trial court entered an order dismissing the petition which recited that the amendment of January 16, was void because filed before the remittitur of the Supreme Court was returned to the trial court, but that, even if the amendment had been filed as provided by law, the petition as amended was still

subject to general demurrer. It is this judgment which is assigned as error.

(b) The original appellate decision in this case, *Weimer* v. *Cauble*, 214 *Ga.* 634, 637, supra, concludes as follows: "It is suggested by counsel for the plaintiff that, if this court should find the petition insufficient for any reason, it should grant the right of amendment. The right of amendment is controlled by law. Where a general demurrer is overruled in the trial court, and the judgment is reversed by this court, an amendment may be allowed before the remittitur is made the judgment of the trial court." Code § 6-1610 provides in part: "It shall be within the power of the appellate court to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." The above quoted portion of the decision undoubtedly constitutes the grant of a right to the plaintiff to amend his petition *before* the remittitur of the Supreme Court was made the judgment of the trial court. The question of whether such amendments should be filed in the trial court before or after the remittitur is received and made the judgment of the trial court has caused much confusion, and the trial court here was apparently following the decision in *Kiser* v. *Kiser*, 214 *Ga.* 849 (108 S. E. 2d 265) in holding the amendment there had been improperly filed prior to the filing of the court's order making the judgment of the Supreme Court the judgment of the trial court. However, the following distinctions exist between the *Kiser* case and this case: (1) In the *Kiser* case there was a motion to strike the amendment. No such motion to strike, objection, or demurrer was filed here. (2) In the *Kiser* case there was no direction by the Supreme Court to the litigant granting the privilege of filing an amendment *before* the judgment of the Supreme Court was made the judgment of the trial court. In this case such privilege was expressly granted. (3) In the *Kiser* case the amendment was filed in the trial court during the time when a motion to rehear was pending in the Supreme Court, while in this case there was no motion to rehear and the amendment was filed on the same day the order of the trial court on the remittitur was signed. (4) Finally, and most important, the *Kiser* case points out that there the case had proceeded to trial, verdict and judgment; that accordingly it was no longer pending in the trial court in any sense of the word after the signing of bill of exceptions as-

signing error both on the demurrer ruling and order denying the motion for new trial. Here, the case had not yet proceeded to trial, and might actually have proceeded to a trial of the case on its merits while it was pending in the Supreme Court on the writ of error complaining of the overruling of the general demurrer, although of course if the decision be reversed on appeal everything that happened in the trial court in the meantime would be nugatory. *Augusta Factory* v. *Davis,* 87 *Ga.* 648 (1) (13 S. E. 577). After a careful reading of *Kiser* v. *Kiser,* 214 *Ga.* 849, supra, it does not appear to conflict with the decision in *Southeastern Wholesale Furniture Co.* v. *Atlanta Metallic Casket Co.,* 84 *Ga. App.* 271 (66 S. E. 2d 68) which, based upon certain statutes and earlier Supreme Court decisions, held that where a general demurrer is overruled and, before trial, the case is appealed, it is still pending in the trial court as to those issues not involved in the appeal, and may be tried in the meantime, and the court also has jurisdiction during such period to allow an amendment to the pleadings offered by either party. The distinctions here drawn between the *Southeastern Wholesale Furniture Co.* case, supra, the instant case, and the *Kiser* case, recognize the validity of the decision in both of the cited cases and support what is here held. It is assumed that the Supreme Court in the *Kiser* case, supra, while fully cognizant of the power of the trial court over a case that remained there while a judgment overruling a demurrer was pending in the appellate court, found itself notwithstanding this, confronted with a case where not only was there a judgment overruling a demurrer to which exception was before it, but also a judgment denying a motion for new trial, which was a final judgment and which left nothing pending in the trial court. This construction is conclusive upon a proper analysis of the *Kiser* case. Any other construction would be in conflict with *Augusta Factory* v. *Davis,* 87 *Ga.* 648, supra, and like cases which, being older cases than the *Kiser* case, would be binding on this court in case of such conflict. The court erred in this case in holding that the amendment could not be considered because it was filed before the filing of the Supreme Court remittitur.

3. Paragraph 5 of the original petition read as follows: "That plaintiff is the owner of valuable real property lying immediately southeasterly of, adjoining and adjacent to above described real property owned by defendant." The amendment

added to paragraph 5 immediately following this statement the words "All that tract or parcel of land lying and being in land lot 155 of the 18th district of DeKalb County, Georgia, commencing at a point. . ." etc., following through the legal description of the property. In the absence of special demurrer this description must be referred to the real property of which the plaintiff alleges he is the owner. All that is omitted is some connecting words such as "to wit," or "as follows" between the allegation of ownership of the property and the legal description of the property. It is to be assumed in the absence of a demurrer or objection that a pleader intends to effectuate his own best interest. The legal description immediately following the allegation of ownership has no meaning at all unless it refers to the property alleged to be owned, and there was no objection to the amendment on the ground of vagueness or lack of particularity. The amendment, construed as applying to the property owned, supplied the only deficiency existing in the original petition, under the decision of the Supreme Court on the previous appearance of the case, and it was accordingly error to dismiss the petition upon reconsideration of it by the trial court.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

MARCH 18, 1960.

*Roland Neeson*, for plaintiff in error.
*Weldon Shows, Sam Lowe*, contra.