38293. WOOD *et al. v.* DELTA INSURANCE COMPANY.

TOWNSEND, Judge. The terms of the Superior Court of Polk County are by statute set to commence on the fourth Mondays of February and August. Accordingly, the February term of court commenced on February 23, 1959. On February

26, 1959, the court entered an order in favor of the defendant and against the plaintiff. A motion to set aside this order was tendered to the trial judge on August 17, 1959, but was not signed by the judge or filed in the court until August 26, the August term having commenced on August 24, 1959. A rule nisi was set for hearing on October 1, 1959, and on February 4, 1960, the motion was denied, and this judgment is assigned as error.

1. "It is a general principle of law that a court can not set aside or alter its final judgment after the expiration of the term at which it was entered; but this does not apply where proceedings to vacate the judgment were begun during the term in which the judgment was rendered." *Maxwell* v. *Cofer*, 201 *Ga.* 222 (b) (39 S. E. 2d 314). In that case the motion to set aside the judgment was prepared, allowed by the trial court, a rule nisi signed setting the case for hearing, the motion filed and service had on the opposite party during the same term at which the judgment was entered. Whether or not all of these things have to be done before it can be said that proceedings to vacate the judgment were begun during the term, it would appear that at least the motion would have to be filed, and, if the sanction of the judge was necessary, both allowed and filed during the term, and merely tendering the paper to the trial judge, where it is neither allowed nor filed until a subsequent term of court, is insufficient to allow the judge to retain that discretion which is vested in him to set aside judgments only during the term at which they are entered. The motion to vacate and set aside the order cannot be considered as one made at the same term of court and within the plenary discretion of the trial judge.

2. Amendments to pleadings may be allowed at any stage of the proceedings where the trial court has jurisdiction of the case, and this includes that stage of the case where, after a general demurrer has been overruled in the trial court, and that judgment has been reversed in the appellate court, the amendment is offered before the judgment of the appellate court is made the judgment of the trial court. *Walker* v. *Cook*, 17 *Ga.* 26. Where the case has been tried and finally disposed of by verdict and judgment the trial court loses jurisdiction of any further proceedings whatever until the remittitur from the appellate court is received in the trial court; in such event, where on the appeal a judgment overruling a

general demurrer to the petition is also excepted to and that judgment reversed, the trial court has jurisdiction to receive and consider the amendment only between the time that the remittitur from the appellate court is received in the trial court and the time such remittitur is made the judgment of the trial court. *Kiser* v. *Kiser*, 214 *Ga.* 849 (108 S .E. 2d 265). On the other hand, where before trial a judgment overruling a general demurrer is alone appealed, the trial court still has jurisdiction of the main case, and accordingly has jurisdiction to receive and consider an amendment to the petition at any time during such appeal before the judgment of the appellate court reversing the judgment overruling the demurrer is made the judgment of the trial court. *Jackson* v. *Security Ins. Co.,* 177 *Ga.* 631 (170 S. E. 787); *Ware* v. *Martin,* 208 *Ga.* 330 (66 S. E. 2d 737); *Southeastern Wholesale Furniture Co.* v. *Atlanta Metallic Casket Co.,* 84 *Ga. App.* 271 (66 S. E. 2d 68); *Cauble* v. *Weimer,* 101 *Ga. App.* 313 (113 S. E. 2d 641).

3. (a)  In the present case the judgment of the trial court overruling the general demurrer to the petition was appealed prior to the trial of the case and that judgment reversed by this court. *Delta Ins. Co.* v. *Wood,* 99 *Ga. App.* 58 (107 S. E .2d 693). After the decision of this court reversing that judgment and before the remittitur was received and made the judgment of the trial court, the plaintiff amended his petition in an effort to meet the deficiency pointed out in the decision of this court. No objection to the amendment and no renewed demurrer appears in this record. The case was placed on the trial calendar, called in its order for trial, and continued by the court because of the non-appearance of the defendant. The next day the court passed an order as follows: "The within remittitur having been filed in the office of the Clerk of the Superior Court of Polk County, Georgia, on the 21st day of February, 1959, the judgment of the Court of Appeals of the State of Georgia is hereby made the judgment of this court. It is further ordered that judgment be and is hereby entered in favor of Delta Insurance Company against D. Earl Wood and John Hoyt Wood in the amount of $58.75 for court costs and transcript of record and $15 costs paid in the Court of Appeals of Georgia. Let fi. fa. issue for said amounts. In open court, this the 26th day of February, 1959."

(b)  The first sentence of the above quoted order merely makes the judgment of the appellate court the judgment of the trial

court, that is it adjudicates that the petition in the form in which it appeared before the appellate court did not state a cause of action. The order does not in itself dismiss the case nor was any subsequent order passed dismissing the case or striking it from the docket, such as appeared in *Cauble* v. *Weimer*, 101 *Ga. App.* 313, supra. The first sentence of this order was accordingly entirely proper and did not, in view of the fact that an amendment had been allowed and filed, have the effect of dismissing the action automatically. Had it done so it would have been such an error on the part of the trial court appearing on the face of the record that a motion to set aside would lie although not filed during the term of court at which the order was entered. Cf. *Byers* v. *Byers*, 41 *Ga. App.* 671 (2) (154 S. E. 456) where it was held that where the court without legal authority and *sua sponte* prematurely dismisses an action, such defect appearing on the face face of the record, a motion to set aside the judgment of dismissal is proper.

(c) The costs of appeal are taxed in the appellate court as a part of the remittitur (Code § 6-1705) and judgment entered against the defendant in error, in case of reversal, as soon as the remittitur is returned to the trial court. Code § 6-1704. Accordingly, that portion of the order dealing with the costs of appeal was also proper. But costs in the trial court may not be taxed until final disposition of the case. Code § 24-3410. A judgment assessing costs of court against one of the parties is a final judgment which the trial court is without authority to enter on an interlocutory matter. *Kight* v. *Gilliard*, 214 *Ga.* 445 (1) (105 S. E. 2d 333). In so far as the court entered up judgment against the plaintiffs for costs in the trial court (which cannot be determined here as it does not appear which part of the sum of $58.75 was for court costs in the trial court and which part was for the transcript of the record on appeal), this was an error which may be assigned on appeal from the final judgment in the case, but it is not such an error as would void the entire order so that a motion to set it aside may be subsequently filed after the time for appeal from that judgment has passed, or prior to an appeal from the final disposition of the case on its merits.

4. Applying the foregoing principles of law to the facts of this case, it appears (a) that the trial court properly made the

remittitur of the Court of Appeals its judgment in this case; (b) that in view of the pendency of the amendment previously filed by the plaintiff, such judgment did not have the effect of dismissing the action, which would have been beyond the legal authority of the trial court without consideration of the petition as thus amended, and (c) that that part of the order assessing the costs in the trial court, while erroneous, does not render the order void because of an unamendable defect.

The trial court presently has pending before it a petition, which this court has adjudicated does not set out a cause of action, plus an amendment attempting to remedy the deficiencies thereof. This record does not reveal whether the sufficiency of the amended petition has been challenged by demurrer or motion. That issue has not been passed on by the trial court in so far as this record discloses and is not before this court for decision. The trial court should, on the return of the remittitur in this case, consider any issue properly before it in connection with the entire record and thus let the case proceed to final conclusion in accordance with law.

*Judgment* \*affirmed with direction. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED MAY 25, 1960.

*Marson G. Dunaway, Jr.,* for plaintiffs in error.
*Dunaway, Embry & Shelfer, William S. Shelfer,* contra.